[Civ. No. 13287. Fourth Dist., Div. Two. May 21, 1974.]

ROBERT BAKER, a Minor, etc., et al., Plaintiffs and Appellants, v.
BEECH AIRCRAFT CORPORATION et al.,
Defendants and Respondents.

**COUNSEL**

Magana & Cathcart and Charles D. Sneathern for Plaintiffs and Appellants.

Kirtland & Packard, Jacques E. Soiret and Robt. E. Moore, Jr., for Defendants and Respondents.

**OPINION**

**GABBERT, Acting P. J.**—This is an action to recover for wrongful deaths and personal injuries arising out of an airplane accident which occurred October 16, 1968, near Las Cruces, New Mexico. The plane was a Beechcraft model S-35, manufactured by respondent Beech Aircraft Corporation (Beech). The pilot, Hampson, and one passenger, Baker, were killed. The second passenger, Pribble, one of the appellants herein, sustained serious injuries.

In addition to Pribble, other appellants, all plaintiffs below, are: Margaret Baker and Robert Baker, Jr., wife and minor son of the decedent, Baker, and Eleanor S. Hampson, James Price Hampson and Robert Bruce Hampson, wife and adult sons of the decedent, Hampson.

The complaint was filed May 24, 1972, and before any response was made by defendant Beech, a first amended complaint was filed. Beech then sought to remove the cause from the state court to the United States District Court, Central District of California, where the matter was remanded to the state court. Beech thereupon demurred to the first amended complaint by challenging the sufficiency of the pleading, asserting it was barred by the one-year statute of limitations (Code Civ. Proc., § 340, subd. 3) and attacking the allegations seeking punitive damages. The trial court sustained the demurrer as to the first, third and fifth causes of action which sought general damages for the Bakers, Hampson and Pribble respectively. (The second, fourth and sixth causes of action sought exemplary damages on behalf of the same parties.) The court granted 30 days within which the complaint might be amended. The court stated in its ruling the demurrer was sustained "for failure to state a cause of action" and noted that facts constituting concealment on the part of Beech should be specifically alleged pursuant to *Hesse v. Vinatieri,* 145 Cal.App.2d 448, 451 [302 P.2d 699]. It denied without prejudice the other grounds of the demurrer and a motion to strike.

Thereafter, a second and a third amended complaint, expanding the allegations of fraud and concealment, were filed. In each instance a demurrer was again interposed on similar grounds to those previously asserted. The demurrer to the third amended complaint was sustained without leave to amend. The court held that the third amended complaint did not state a cause of action other than as to the minor plaintiff, Robert Baker, Jr. A judgment of dismissal was thereupon entered in favor of Beech against the adult plaintiffs.[1]

The sole contention on appeal is that the trial court erred in ruling that the third amended complaint failed to state a cause of action by the adult plaintiffs against Beech because of the bar of the one-year statute of limitations. Inasmuch as the crash of the Beechcraft plane occurred October 16, 1968, and the complaint was filed May 24, 1972, the primary questions before us are the date the purported causes of action accrued and whether the statute of limitations was tolled.[2]

---

[1]Appellants appeal from the judgment of dismissal entered in favor of Beech. Plaintiffs also named Associated Aviation Underwriters, a corporation, and David Litton Dann for and on behalf of Certain Underwriters at Lloyds and Companies, as defendants. Judgment in favor of said defendants and against plaintiffs was made and entered March 5, 1973, upon sustaining of their demurrers without leave to amend, on ground of failure to state a cause of action. No appeal was taken therefrom.

[2]Appellants concede the applicable statute is Code of Civil Procedure section 340, subdivision 3, governing claims for death or personal injuries, requiring such be filed

The court below accepted Beech's argument that the statute began to run on the date of the crash. Appellants contend this was error in that the court failed to take into consideration the application of the "discovery" rule enunciated in a number of California decisions. Illustrative is the statement in *Warrington* v. *Charles Pfizer & Co.,* 274 Cal.App.2d 564 [80 Cal. Rptr. 130], in support of such contention: ". . . there appears to be a definite trend toward the discovery rule and away from the strict rule in respect to the time for the accrual of the cause of action for personal injuries." (*Ibid.,* at p. 567.)

■ Appellants allege in the first cause of action, which allegations are incorporated by reference in the third and fifth causes of action, that respondent Beech fraudulently concealed material facts with respect to the condition of the aircraft it manufactured. The complaint states that the fuel system of the plane did not meet the minimum requirements of the federal standards under which the plane was certificated. It also asserts that at the time the aircraft was manufactured, sold and distributed it was in a dangerous, defective condition in that, because of the design of the fuel system, under certain modes of normal flight air could enter the fuel lines and cause a loss of power with resultant loss of control of the aircraft. It was alleged Beech knew or should have known this was a defect for which the users of the aircraft would not ordinarily inspect and such faults rendered the aircraft unreasonably dangerous to the life, health and safety of those using it. The complaint further states that as a result of such deficiencies the plane involved in the instant case suffered a loss of engine power causing it to crash proximately causing the deaths, injuries and damages set forth.

In furtherance of their claim of fraudulent concealment by Beech, appellants allege that Beech represented to the Federal Aviation Administration, both prior to and following the air crash involved herein, the fuel system was safe, fit, free of defects, met federal standards and was in all respects airworthy. The complaint additionally contains allegations Beech had actual knowledge of the claimed defect, yet falsely and fraudulently continued to make such representations for the purpose of inducing persons to purchase, operate and occupy such planes. For the purpose of avoiding claims for damages for injury or death resulting from the defect, it was alleged that Beech gave no warning of this deficiency to users and the

within one year from the date of the accrual of the cause of action. (*Tell* v. *Taylor,* 191 Cal.App.2d 266, 270 [12 Cal.Rptr. 648].) They also assert, without disagreement on the part of Beech, that the parties to this appeal concur in the view the issue of the statute of limitations is a procedural matter which must be decided by the law of the forum and that California law applies. (*Biewend* v. *Biewend,* 17 Cal.2d 108, 114 [109 P.2d 701, 132 A.L.R. 1264].)

defect was not one which could be discovered without elaborate or extensive tests.

The complaint also stated that at all times during which such misrepresentations were made to the general public including the appellants, Beech had actual knowledge, as a result of flight tests it had performed, that the fuel system was unsafe, unairworthy and unreasonably dangerous for the use intended. It was also alleged that despite such knowledge Beech intentionally and falsely failed to warn users of its aircraft and the public generally of the danger and risk of using such planes containing the defective fuel system. Furthermore, it was stated appellants relied on such false representations and were unable to obtain information concerning the true facts or obtain the finding of probable cause of the particular air crash made by the National Transportation Safety Board (NTSB) until approximately one year after the subject accident. Due to concealment on the part of Beech, it was claimed the NTSB did not consider the aforementioned defects and concluded probable cause of the accident was "power plant failure for undetermined reasons."[3]

In addition, the complaint stated the appellants did not become aware of the falsity of respondent Beech's representations until approximately 30 days prior to the filing of the original complaint herein. At that time friends of the appellants referred them to an article which had appeared in the Wall Street Journal in July 1971.[4]

Respondent argues that the allegations of the complaint do nothing more than charge respondent Beech with "silence," and that "silence," absent a confidential relationship or facts creating a duty to disclose, does

[3]The National Transportation Safety Board is primarily responsible for investigating aviation accidents. (The Federal Aviation Act of 1958 [49 U.S.C. §§ 1301-1542].) The statute also provides for the mandatory participation of the Federal Aviation Administration (FAA) in accident investigations. The NTSB is given sole authority to control all aspects of the investigation and exclusive authority to determine "probable cause" of an air accident. The hearings of the NTSB may be either public or private. The agency designates the "parties" to the investigation. These comprise the FAA and certain optional parties, such as the airline (if any) involved, the Air Line Pilots Association, manufacturers of particular aircraft components which may be involved, etc. However, injured parties and the estates of deceased passengers are never designated as parties since the NTSB, by regulation, has barred claimants and insurers and their attorneys from participating. (14 C.F.R. § 431.6; generally see: Levy, *The Role of Federal Investigation in an Aircraft Accident Case,* 18 Prac. Law., No. 3 (Mar. 1972), p. 65.)

[4]The article from the Wall Street Journal was incorporated into the complaint and is a detailed exposé of a number of fatal crashes of planes manufactured by Beech which had resulted because of the faulty fuel system. ". . . despite warnings [to the manufacturer] years in advance of the crashes that the system wasn't working reliably under certain flight conditions."

not constitute fraudulent concealment and does not toll the statute of limitations. (*Scafidi* v. *Western Loan & Bldg. Co.*, 72 Cal.App.2d 550, 562-563 [165 P.2d 260]; *Wright* v. *Redwood Theatres, Inc.*, 49 Cal. App.2d 403, 408 [121 P.2d 756].)

■ The general rule is that the applicable statute (Code Civ. Proc., § 340, subd. 3) begins to run when the cause of action accrues even though the plaintiff is ignorant of the cause of action or of the identity of the wrongdoer. (*Howe* v. *Pioneer Mfg. Co.*, 262 Cal.App.2d 330, 340 [68 Cal.Rptr. 617].) ■ A cause of action invariably accrues when there is a remedy available. (*Heyer* v. *Flaig*, 70 Cal.2d 223, 230 [74 Cal. Rptr. 225, 449 P.2d 161].) Mere ignorance, *not induced by fraud* of the existence of facts constituting a cause of action does not prevent the running of the statute of limitations. (See *Rubino* v. *Utah Canning Co.*, 123 Cal.App.2d 18, 28 [266 P.2d 163].)

■ In order to establish fraudulent concealment, the complaint must show: (1) when the fraud was discovered; (2) the circumstances under which it was discovered; and (3) that the plaintiff was not at fault for failing to discover it or had no actual or presumptive knowledge of facts sufficient to put him on inquiry. (*Kimball* v. *Pacific Gas & Elec. Co.*, 220 Cal. 203, 215 [30 P.2d 39].) In urging lack of means of obtaining knowledge, it must be shown that in the exercise of reasonable diligence the facts could not have been discovered at an earlier date. (2 Witkin, Cal. Procedure (2d ed. 1970) Actions, § 339, pp. 1180-1181.) "The existence of such fraud must be alleged clearly and unequivocally, and must not rest upon inferences." (*Bank of America* v. *Williams*, 89 Cal.App.2d 21, 25 [200 P.2d 151]; 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 783, p. 2398.)

■ It is the law in this state that the rules to be applied in a case involving fraudulent concealment of a cause of action, in determining when the plaintiff discovered or should have discovered the facts giving rise to his cause of action, are the same as those which govern in cases falling within Code of Civil Procedure section 338, subdivision 4 where fraud is the gravamen of the right of action. (*Sears* v. *Rule*, 27 Cal.2d 131, 147 [163 P.2d 443]; *Bowman* v. *McPheeters*, 77 Cal.App.2d 795, 798 [176 P.2d 745].) Under those rules it is well established that, before a plaintiff may be held chargeable with want of diligence in failing sooner to discover the truth, he must have been under a duty to make the discovery. (*Bowman* v. *McPheeters, supra,* 77 Cal.App.2d 795, 798.) "To impute notice, the circumstances must be such that inquiry becomes a duty, and failure to make it is a negligent omission of duty. Where no duty is imposed by

law to make inquiry, and where, under the circumstances, a prudent man would not be put on inquiry, the mere fact that means of knowledge are open and not availed of does not operate to give constructive notice of the facts." (36 Cal.Jur.2d, Notice, § 4, p. 417.)

Respondent contends, however, that as soon as the crash had occurred with which we are concerned appellants had sufficient facts to put them on inquiry. It further argues that appellants have not stated any facts in their pleadings indicating respondent Beech in any way prevented them from bringing their action within the one-year period nor have appellants sufficiently stated facts excusing their failure to make inquiry such as to bring themselves within the exception and permit the tolling of the statute.

Examination of the causes of action pleaded reflects appellants do allege that appellant Pribble was confined to a hospital for many months following the accident and neither he nor the widows and sons of the decedents Baker and Hampson were in any position to conduct an investigation into the cause of the plane crash. Such allegations on their face do not bring appellants within the purview of Code of Civil Procedure section 352 which sets forth a list of the disabilities which will toll the statute of limitations. Mere physical disability or nervous shock following an accident are not included in that list. (See *Phillips* v. *Standard Acc. Ins. Co.*, 180 Cal.App.2d 474, 481-482 [4 Cal.Rptr. 277].)

There are other allegations, however, to the effect appellants relied on Beech's representations of the fitness of the plane and it was on the basis of such representations that they were lulled into inaction during the period when they could have properly brought their lawsuit.

In *Pashley* v. *Pacific Elec. Ry. Co.*, 25 Cal.2d 226 [153 P.2d 325], the court cited *Waugh* v. *Guthrie Gas, Light, Fuel & Improvement Co.*, 37 Okla. 239 [131 P. 174, 179] which held "It is no sufficient answer to say, as have counsel in their brief, that plaintiff must have known that he was blown up, and realized he was injured. This he undoubtedly knew; but it was the fact that defendant by its negligence was the cause of the injury that gave rise to the cause of action against it, not the mere fact of injury. Upon the trial the party relying on fraudulent concealment of the cause of action to avoid the statute would have the burden of proving such concealment." (*Pashley* v. *Pacific Elec. Ry. Co., supra*, p. 231.)

The *Pashley* court reviewed a number of cases on the subject of fraudulent concealment as tolling the statute of limitations. As pointed out in that decision, the basis of the doctrine which prevents a defendant in such a case from setting up the bar of the statute of limitations is estoppel *in*

*pais.* "In reality the ground of relief is that the defendant, having by fraud or deceit concealed material facts and by misrepresentations hindered the plaintiff from bringing an action within the statutory period, is estopped from taking advantage of his own wrong." (*Pashley* v. *Pacific Elec. Ry. Co., supra,* 25 Cal.2d 226, 231; *Bowman* v. *McPheeters, supra,* 77 Cal. App.2d 795, 799.)

The instant case is not so much a concealment of a cause of action as concealment of material facts which would have disclosed to appellants the nature and extent of their right of action. (See *Pashley* v. *Pacific Elec. Ry. Co., supra,* 25 Cal.2d 226, 231; *Bowman* v. *McPheeters, supra,* 77 Cal.App.2d 795, 803-804.) " '[I]t would seem to be clear that the conduct of the defendants need not be shown to be directed specifically against the bringing of an action, but that if it was aimed against the acquisition of the requisite knowledge which would naturally lead to such a result, it comes within the condemnation of the rule' " established in *Pashley* v. *Pacific Elec. Ry. Co., supra,* and restated in *Bowman* v. *McPheeters, supra.* (2 Witkin, Cal. Procedure (2d ed. 1970) Actions, § 402, p. 1236.)

Facts in excuse of a more diligent inquiry on the part of appellants were alleged in the third amended complaint. Whether appellants should have made discovery sooner in view of the facts set forth, is not a question to be concluded as a matter of law. (*Neet* v. *Holmes,* 25 Cal.2d 447, 468 [154 P.2d 854].) ■ Whether a party has notice of "circumstances sufficient to put a prudent man upon inquiry as to a particular fact," and whether "by prosecuting such inquiry, he might have learned such fact" (Civ. Code, § 19) when facts are susceptible to opposing inferences are themselves questions of fact to be determined by the jury or the trial court. (*Bowman* v. *McPheeters, supra,* 77 Cal.2d 795, 803; *Northwestern P.C. Co.* v. *Atlantic P.C. Co.,* 174 Cal. 308, 312 [163 P. 47]; see also *West* v. *Great Western Power Co.,* 36 Cal.App.2d 403, 411 [97 P.2d 1014].)

The *Pashley, Bowman* and *Kimball* cases, hereinabove referred to, all involved some fiduciary duty. However, the opinions, or alternative grounds of decision, make it clear that, regardless of the relationship imposing a duty to speak, *actual fraud* will estop the defense of the statute of limitations where there have been active misrepresentations or purported disclosures which actually suppress material facts. (See 2 Witkin, Cal. Procedure (2d ed. 1970) Actions, § 405, p. 1239.)

In analyzing the allegations of the third amended complaint the test

for determining whether, in a situation of this kind, the plaintiff is put upon inquiry must not be based upon an inference that might conceivably be drawn, but rather on a conclusion which a reasonable person would be required to reach. (*Bowman* v. *McPheeters, supra,* 77 Cal. App.2d 795, 802.) The question here is whether sufficient facts have been alleged to make a showing that appellants were not at fault for failing to discover the purported fraud sooner. (See *Scafidi* v. *Western Loan & Bldg. Co., supra,* 72 Cal.App.2d 550, 557-558.)

The *Scafidi* court held the pleadings inadequate to state a cause of action for fraudulent concealment inasmuch as the means by which the fraud was discovered were at all times available to the plaintiff. However, the facts alleged by appellants herein indicate they made their discovery of the fraud only as a result of the exposé appearing in the Wall Street Journal, which was brought to their attention 30 days prior to the filing of the within action, and thus well within the one-year period after discovery. The facts, as alleged, if true, do not require a conclusion that appellants were placed on notice at an earlier date. (*Neet* v. *Holmes, supra,* 25 Cal.2d 447, 467.)

Statutes of limitations are intended to prevent fraud, to keep parties from asserting rights after a lapse of time has destroyed or impaired the evidence which would show that such rights never existed, or had been satisfied, transferred or extinguished if they ever did exist. To hold that by concealing fraud, or by committing fraud in such a manner as to conceal it until after the party committing the fraud could plead the statute of limitations to protect itself, is to make the law which was designed to prevent fraud the means by which it is successful and secure. (See *Waugh* v. *Guthrie Gas, Light, Fuel & Improvement Co., supra,* 37 Okla. 239 [131 P. 174, 178].)

Appellants have pleaded facts indicating fraudulent concealment of the true facts by Beech, when the fraud was discovered, the circumstances under which it was discovered by appellants and their lack of means for earlier discovery. It is reasonably clear that they had no belief prior to the discovery of the fraud that such concealment had, in fact, occurred. Where a complaint shows the statute has run and no ordinary ground for suspending or tolling the statute exists, a plaintiff may be able to make a proper showing which will sustain his pleading by alleging facts creating an estoppel to set up the defense, e.g., fraudulent concealment of the cause of action. (3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 783, p. 2398; see *Pashley* v. *Pacific Elec. Ry. Co., supra,* 25 Cal.2d 226, 228; *Bowman* v. *McPheeters, supra,* 77 Cal.App.2d 795,

799.) We hold the pleading in the third amended complaint was legally sufficient to show fraudulent concealment which would, under the circumstances, toll the statute of limitations. (*Kimball* v. *Pacific Gas & Elec. Co., supra,* 220 Cal. 203, 215.) The action was thus timely brought after discovery of the purported fraud. The trial court erred in sustaining the demurrer to the complaint without leave to amend.

The judgment is reversed.

Kerrigan, J., and Kaufman, J., concurred.

A petition for a rehearing was denied June 11, 1974, and the petition of respondent Beech Aircraft Corp. for a hearing by the Supreme Court was denied July 17, 1974.