Timothy SPERL, Plaintiff,

v.

George DEUKMEJIAN, in his capacity as Attorney General for the State of California; and John Van de Kamp, in his capacity as District Attorney for the County of Los Angeles, Defendants.

No. CV 79–2647–AAH.

United States District Court,
C. D. California.

Jan. 9, 1980.

Donald M. Re, Los Angeles, Cal., for plaintiff.

George Deukmejian, Atty. Gen. of the State of California by Donald F. Roeschke, Deputy Atty. Gen., for defendant George Deukmejian, in his capacity as Atty. Gen. of the State of California.

John Van de Kamp, Dist. Atty. for the County of Los Angeles, by Jan A. Pluim, Deputy Counsel, Los Angeles, for defendant John Van de Kamp, in his capacity as Dist. Atty. for the County of Los Angeles.

## DECISION AND ORDER

HAUK, District Judge.

On January 23, 1974, while serving as Marshal of the Los Angeles Municipal Court, plaintiff Timothy Sperl was indicted by a County Grand Jury for embezzlement and misappropriation. He was later convicted on August 12, 1974 and given a probationary sentence.[1] Sperl brings this action seeking declaratory and injunctive relief under 28 U.S.C. §§ 1343(3), 1343(4); 28 U.S.C. §§ 2201, 2202; and 42 U.S.C. §§ 1983, 1985 and asks the Court to review his 1974 conviction.

Sperl charges that adverse and prejudicial pre-indictment publicity rendered his 1974 conviction null and void and violated his civil rights under 42 U.S.C. §§ 1983, 1985. He claims that county prosecutors "leaked" information relating to his case to Los Angeles Times Reporter William Farr. According to Sperl, these leaks resulted in the appearance of a bold-faced headline in the Times on the day the Grand Jury was to vote on the indictment, stating: "MARSHAL FACING COVER–UP CHARGE." Sperl claims that these news accounts biased the Grand Jury into returning an indictment against him.

The Complaint further states that in 1977 Sperl learned of these alleged indiscretions through a letter sent by the Assistant Marshal of the Municipal Court in September 1975 to the State Attorney General, the Los Angeles District Attorney, and the Attorney General of the United States, which detailed alleged prosecutorial improprieties relating to his case.[2]

1. Sperl's conviction was affirmed by the California Court of Appeal on January 21, 1976 at 54 Cal.App.3d 640, 126 Cal.Rptr. 907 (1976); a Petition for Hearing before the California Supreme Court was denied on March 24, 1976; and a Petition for Writ of Certiorari to the United States Supreme Court was denied on October 4, 1976.

2. This letter was sent by one Robert F. Cox, who stated that while acting as a liaison repre-

In addition to seeking declaratory and injunctive relief, Sperl also requests the Court to treat his Complaint as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254.

The defendants herein, John Van de Kamp, District Attorney for the County of Los Angeles, and George Deukmejian, Attorney General for the State of California,[3] have both filed motions to dismiss and raise the following questions: the availability of declaratory and injunctive relief in attacking a state criminal judgment; whether the statute of limitations has run on plaintiff's action; whether plaintiff is entitled to relief against any of the named defendants on the grounds of prosecutorial immunity; the defendants non-liability for the acts of their predecessors; and the availability of habeas corpus relief in light of the fact that plaintiff's probationary sentence terminated prior to the filing of this action.

### I. Availability of Declaratory and Injunctive Relief in Attacking a State Criminal Judgment

Plaintiff's Complaint fails because the Federal courts have concluded that declaratory relief is not appropriate in attacking a prior state criminal judgment in light of well-established principles of comity and the sensitivity of the federal-state relationship.[4] *Booker v. State of Arkansas*, 380 F.2d 240 (8th Cir. 1967); *Waldon v. State of Iowa*, 323 F.2d 852 (8th Cir. 1963); *See:* *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); *Shannon v. Sequeechi*, 365 F.2d 827 (10th Cir. 1966), *appeal dismissed and cert. denied*, 386 U.S. 481, 87

S.Ct. 1175, 18 L.Ed.2d 225 (1967); *Ruip v. Commonwealth of Kentucky*, 400 F.2d 871 (6th Cir. 1968), *cert. denied*, 395 U.S. 911, 89 S.Ct. 1755, 23 L.Ed.2d 224 (1969). Thus, plaintiff's suit for injunctive relief must also fall since it is predicated on the assumption that the Court would declare his state criminal conviction void.

### II. Statute of Limitations

Pursuant to *Ney v. California*, 439 F.2d 1285 (9th Cir. 1970), the three-year period set forth in California Code of Civil Procedure, Section 338, is applicable here. Since this action was brought almost five years after Sperl's conviction, the complaint is barred by the statute of limitations.

Plaintiff attempts to argue that the statutory period was tolled because he did not learn of the alleged prosecutorial misconduct until 1977. In California, it is clear that evidence of fraudulent concealment will operate to toll the running of the statute. *Kimball v. Pacific Gas and Electric Company*, 220 Cal. 203, 30 P.2d 39 (1934); *Baker v. Beech Aircraft Corporation*, 39 Cal.App.3d 315, 114 Cal.Rptr. 171 (1974). However, the Complaint fails to allege any willful fraud on the part of the District Attorney or the State Attorney General sufficient to justify a finding that the statute of limitations should be tolled.

### III. Prosecutorial Immunity in Civil Rights Actions Brought under § 1983

Defendants Van de Kamp and Deukmejian are also protected against this action by virtue of their cloak of prosecuto-

---

sentative between the Marshal's Department and the Office of the District Attorney, he observed Times Reporter William Farr and the prosecutor handling the Sperl case discussing the investigation the day before the indictment was returned. Upon learning of the Cox letter, plaintiff filed a Petition for Writ of Habeas Corpus in Los Angeles Superior Court in November 1977. On March 31, 1978, the Petition was denied and subsequent appeals were unsuccessful. Plaintiff then brought this action on July 12, 1979.

**3.** Attorney General Deukmejian was presumably named because the State Attorney Gener-

al's office was sent a copy of the Cox letter and in plaintiff's view fraudulently failed to disclose the contents of the letter to him.

**4.** In a recent, unpublished opinion, the Ninth Circuit also held that declaratory relief is not appropriate to attack a prior criminal judgment or as a substitute for an appeal or a petition for post-conviction relief from a prior criminal conviction. *Jackson v. People of the State of California*, 605 F.2d 562 (9th Cir. 1979).

rial immunity. In *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the United States Supreme Court established that prosecutors enjoy the same immunity under § 1983 civil rights actions as in common law suits. The Court stated:

"We conclude that the considerations outlined above dictate the same absolute immunity under § 1983 that the prosecutor enjoys at common law. To be sure, this immunity does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty. But the alternative of qualifying a prosecutor's immunity would disserve the broader public interest. It would prevent the vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system. Moreover, it often would prejudice defendants in criminal cases by skewing post-conviction judicial decisions that should be made with the sole purpose of insuring justice. With the issue thus framed, we find ourselves in agreement with Judge Learned Hand, who wrote of the prosecutor's immunity from actions for malicious prosecutions:

'As is so often the case, the answer must be found in a balance between the evils inevitable in either alternative. In this instance, it has been thought in the end better to leave unredressed the wrongs done by dishonest officers than to subject those who try to do their duty to the constant dread of retaliation.' *Gregoire v. Biddle*, 177 F.2d 579, 581 (C.A.2 1949), *cert. denied*, 339 U.S. 949, 70 S.Ct. 803, 94 L.Ed. 1363.

See *Yaselli v. Goff*, 12 F.2d 396 at 404; cf. *Wood v. Strickland*, 420 U.S. 308 at 320, 95 S.Ct. 992, 43 L.Ed.2d 214." (Footnotes omitted.)

424 U.S. at 427–428, 96 S.Ct. at 993–994.

**IV. Defendants' Non-Liability for the Acts of their Predecessors**

While the Civil Rights Act does not specifically provide a basis for vicarious liability, the Ninth Circuit has held that state laws pertaining to vicarious liability are applicable. *Hesselgesser v. Reilly*, 440 F.2d 901, 903 (9th Cir. 1971).

In California, Government Code Section 820.8 provides as follows:

"Except as otherwise provided by statute, a public employee is not liable for an injury caused by the act or omission of another person. Nothing in this section exonerates a public employee from liability for injury proximately caused by his own negligent or wrongful act or omission."

Thus, the Complaint also fails because neither defendant was in office at the time of the conviction now attacked by plaintiff.

**V. Availability of Habeas Corpus Relief**

Plaintiff concedes that the probationary sentence he received for his 1974 conviction terminated in October 1978—nine months prior to the filing of this action. Therefore, even assuming the Court were to treat the Complaint as a Petition for Habeas Corpus, the question is moot because plaintiff was not a prisoner or "in custody" at the time this action was filed. *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976).

LET THE JUDGMENT BE ENTERED ACCORDINGLY.