107 F.3d 14
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George ANDERSON and Joseph P. Anderson, Plaintiffs-Appellants,
v.
The ROMAN CATHOLIC CHURCH OF the DIOCESE OF GALLUP, a
foreign corporation; Claretian Missionaries Western
Province, Inc., a foreign corporation; David J. Clark,
Reverend, an Individual Man, Defendants-Appellees.
 No. 95-17073.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 2, 1996.
Decided Dec. 11, 1996.
 
 1
 Before: SKOPIL and FLETCHER, Circuit Judges, and RHOADES,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Brothers George and Joe Anderson ("Appellants") appeal the district court's decision granting Defendants The Roman Catholic Church of the Diocese of Gallup ("Church"), Claretian Missionaries Western Province, Inc. and Reverend David J. Clark's ("Clark") motion for summary judgment. The district judge held that the statute of limitations for Appellants' claims, which were based on injuries stemming from alleged sexual abuse inflicted on them by Clark when they were children, had expired. We agree that under Arizona law the statute of limitations had expired and affirm.
 
 
 4
 Appellants claim that in 1959 and 1960, Clark, a Catholic priest in the Sacred Heart Parish in Prescott, Arizona, sexually abused them. George recalls that when he was eleven years old, Clark rubbed his back and touched his genitals while he was spending the night at the Sacred Heart rectory. Joe testified that when he was ten years old Clark rubbed his back and touched him under his shirt, placed his finger in the waistband of his pajamas and kissed him on the lips. Appellants state that Clark committed similar acts when he visited their home.
 
 
 5
 Clark instructed Joe not to tell anyone about his acts, but Appellants discussed the events immediately after they occurred. George told his brother that Clark acted "queerly or strangely" and Joe said Clark was a "weirdo." When Appellants were about 17 or 18 years old, George suggested telling their parents. Joe told his wife about Clark in 1984 after his daughter was sexually abused. A similar incident prompted George to tell his wife about Clark in 1988.
 
 
 6
 George attended a self-help group called "Male Survivors of Abuse" in the Spring of 1991. In January 1992 or 1993, George told Joe that he wanted to tell their parents about the incidents involving Clark. Joe responded with hostility and threatened to physically harm George if he told their parents.
 
 
 7
 Appellants did not repress or suffer memory loss of the incidents with Clark. Appellants contend, however, that they developed defenses or coping mechanisms which prevented them from becoming aware of their psychological and emotional injuries and of the causal connection between Clark's conduct and their injuries until 1992 or 1993. George claims that he did not become aware of the existence or nature of his injuries or of the causal connection until January 1992 or January 1993. Joe claims that he reached this awareness in March 1993. Appellants became aware of their legal rights or remedies in April 1993. Appellants filed their complaint on December 23, 1993.
 
 
 8
 We review grants of summary judgment de novo. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), cert. denied, --- U.S. ----, 116 S.Ct. 1261 (1996). The statute of limitations issue is substantive, Guaranty Trust Co. v. York, 326 U.S. 99 (1945), and therefore, the law of the forum state must apply. Erie R.R. v. Tompkins, 304 U.S. 64 (1938).
 
 
 9
 Appellants' tort claims are governed by Arizona Revised Statutes § 12-542(1) (1992), which requires a plaintiff to file suit for personal injuries within two years after the cause of action accrues. In the case of minors, the limitations period is tolled until the plaintiff reaches age 18, unless certain exceptions apply. Ariz.Rev.Stat. § 12-502(A). Appellants contend that exceptions to the statute of limitations apply, and that the district court erred when it failed to recognize those exceptions. We conclude that the district court did not err in determining that the exceptions did not apply. Appellant's complaint was thus untimely because they filed suit more than two years after they reached age eighteen.
 
 
 10
 Arizona has established the "discovery rule" which provides that "a plaintiff's cause of action does not accrue until the plaintiff knows or, in the exercise of reasonable diligence, should know the facts underlying the cause [of action]." Gust, Rosenfeld & Henderson v. Prudential Ins. Co., 182 Ariz. 586, 588, 898 P.2d 964, 966 (1995); Kenyon v. Hammer, 142 Ariz. 69, 76 n. 6, 688 P.2d 961, 968 n. 6 (1984); Kowske v. Life Care Centers of America, Inc., 176 Ariz. 535, 537, 863 P.2d 254, 256 (App.1993). That is, a cause of action for tort claims accrues when the plaintiff knows or should have known of both the "what and who" elements of causation. Lawhon v. L.B.J. Inst.'l Supply, 159 Ariz. 179, 183, 765 P.2d 1003, 1007 (App.1988). The "what" element is the "actual and appreciable harm" from the defendant's conduct. Commercial Union Ins. v. Lewis & Roca, 183 Ariz. 250, 254, 902 P.2d 1354, 1358 (App.1995).
 
 
 11
 Appellants argue that this exception was carved out specifically for situations such as theirs. They contend that they could not have known of their injuries until January 1992 at the earliest, when they realized the causal connection between their injuries and Clark's conduct. Appellants contend that they developed defenses or coping mechanisms which prevented them from becoming aware of their injuries.
 
 
 12
 The Arizona courts have addressed this statute of limitations problem in similar cases. In Ulibarri v. Gerstenberger, 178 Ariz. 151, 871 P.2d 698 (App.1993), the court applied the discovery rule when an adult patient claimed that her psychiatrist sexually exploited her and concealed it from her through hypnosis. 178 Ariz. at 158, 871 P.2d at 705. Recently, in Doe v. Roe, 222 Ariz.Adv.Rep. 17 (Aug. 8, 1996), the Arizona appellate court considered the statutory limitation when a 34 year old woman experienced a flashback to childhood sexual abuse inflicted by her father from ages 8 through 15. There was evidence that Doe had developed "psychological coping mechanisms" which prevented her from remembering the abusive incidents until a television show triggered the flashback. Id. at 18. Although the court found that "the discovery rule applies to cases of repressed memory alleged to arise from childhood sexual abuse," id. at 19, the court ultimately held that Doe did not file within the statutory period because "it is not necessary for a claimant to know all the facts for the statute to begin to run; rather, all that is required is that he know enough facts as would prompt a reasonable person to investigate and discover the full extent of the claim." Id. (citations omitted).
 
 
 13
 In both of the above cases, the victims claimed to have had a memory loss which was recovered when triggered by another intervening event. In this case, however, Appellants were aware since childhood that Clark's actions were "weird" and that they were wrong. Appellants discussed the incidents several times with each other and George considered telling their parents. The record is clear that by ages 17 or 18, or at the latest by May 14, 1991, Appellants knew that Clark had sexually abused them when they were children. Each Appellant also told his wife about the abuse after learning his child was allegedly subjected to similar abuse. Appellants are not exempted from the statute because they belatedly realized they had certain legal rights and remedies. Thus, the district court did not err when it found that Appellants' claims were time-barred.
 
 
 14
 Arizona also recognizes that a person who is of "unsound mind" at the time a cause of action accrues is under a legal disability and the statute of limitation does not run until removal of that disability. Ariz.Rev.Stat. § 12-502(A). Appellants contend that they did not become aware of their legal rights or remedies until after they spoke with Abbot Francis Benedict, in April 1993, about confronting Clark with the sexual abuse. Appellants argue that, to understand their legal rights and remedies, they had to become aware of the causal connection between the abuse and their injuries. Appellants contend that because they did not reach this awareness until January 1992 at the earliest, the insanity provision of Ariz.Rev.Stat. § 12-502(A) tolls the period until then.
 
 
 15
 The disabling psychological effects of child abuse do not constitute an "unsound mind" under 12-502(A) where the victims can function on a day-to-day basis and manage their ordinary affairs. Florez v. Sargeant, 185 Ariz. 521, 917 P.2d 250 (1996); Doe v. Roe at 18. There was no evidence in the record that either Appellant was afflicted by the trauma to an extent that affected his daily functions. The district court correctly found that there is no genuine issue of fact as to whether Appellants were of sound mind under Ariz.Rev.Stat. § 12-502(A).
 
 
 16
 Count Ten of Appellants' Complaint alleges fraud through false misrepresentations made to Appellants by Clark and the Diocese and the Claretians.[1] Appellants argue that the fraudulent concealment of Clark's behavior by the Defendants operated to toll the statute of limitations.
 
 
 17
 The inquiry is not whether the defendant wrongfully concealed the existence of the cause of action, but whether the defendant wrongfully concealed facts giving rise to the cause of action so as to prevent a plaintiff from reasonably discovering that a claim exists within the limitations period. Anson v. American Motors Corp., 155 Ariz. 420, 426, 747 P.2d 581, 587 (App.1987) (citing Baker v. Beech Aircraft Corp., 39 Cal.App.3d 315 (1974)). Cases discussing fraudulent concealment involve situations where the plaintiff was unaware of the facts giving rise to the cause of action. See Anson, 155 Ariz. at 426, 747 P.2d at 587. The fraud must prevent inquiry, elude investigation or mislead the plaintiff. Anson, 747 P.2d at 588 (citations omitted). The concealment must come after the injury and the defendant must take some affirmative action to obscure the existence of the cause of action. Id.
 
 
 18
 The record is devoid of any evidence that would lead a trier of fact to the conclusion that the defendants were aware of facts that could lead to Appellants' potential cause of action and affirmatively took steps to conceal those facts. Appellants cite to letters and testimony to support their argument that Appellees "knew or should have known that Father Clark was accused of homosexual conduct repeatedly prior to 1959 or 1960." The most specific evidence that Appellants provide is that Clark received reprimands from the church for homosexual conduct. There is no evidence that the Claretians or the diocese were aware of Appellants injury or that they intentionally concealed information regarding Clark.
 
 
 19
 Finally, Appellants argue that Appellees concealed information of which they were already aware. Concealment implies the act of covering up or withholding information. It is undisputed that Appellants were acutely aware of all of the information they needed to form a cause of action as early as ages ten and eleven. Therefore, a reasonable finder of fact, viewing the evidence in the light most favorable to the Appellants, could not find that Appellees wrongfully concealed facts giving rise to Appellants' causes of action and prevented Appellants from reasonably discovering that a claim existed within the limitations period. The district court therefore correctly found that the claim of fraud did not operate to toll the applicable statute of limitations.
 
 
 20
 For the reasons discussed above, the district court is
 
 
 21
 AFFIRMED.
 
 
 
 *
 The Honorable John S. Rhoades, Senior United States District Judge for the Southern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellants also include Count Nine: Negligent Failure to Prevent Clark's Conduct or to Provide Treatment for Plaintiffs. Appellees state that Appellants withdrew this claim. Appellants do not dispute that the claim was withdrawn