**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 15 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALISON GALVANI,<br><br>        Plaintiff - Appellant,<br><br>    v.<br><br>PATRICK GALVANI,<br><br>        Defendant - Appellee. | No. 11-17434<br><br>D.C. No. 4:11-cv-02062-PJH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted November 6, 2013[**]
San Francisco, California

Before: FARRIS, FERNANDEZ, and IKUTA, Circuit Judges.

Alison Galvani appeals from the district court's dismissal of her complaint,

with prejudice, as untimely. We have jurisdiction under 28 U.S.C. § 1291. We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review the district court's dismissal *de novo* and its denial of leave to amend for abuse of discretion. We affirm.

Under California law, the two-year period of limitations for Alison's action against her father, Patrick Galvani, for the wrongful death of her mother, Nancy Galvani, would normally have expired on October 8, 1996. *See* Cal. Civ. Proc. Code § 335.1; *id.* § 352; *Grisham v. Philip Morris U.S.A., Inc.*, 151 P.3d 1151, 1156 (Cal. 2007). However, the discovery rule "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action," which occurs when "the plaintiff[] ha[s] reason to at least suspect that a type of wrongdoing has injured [him]."[1] *Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d 914, 920 (Cal. 2005). Once his claim has accrued, a plaintiff must normally investigate and bring suit within the limitations period. *See id.* at 921. However, when the plaintiff "could not have reasonably discovered facts supporting the cause of action within the [limitations] period," accrual is tolled until "the factual basis for [that] claim [is] reasonably discoverable through diligent investigation." *Id.* at 921, 924.

---

[1] The trigger for accrual has also been articulated as the point at which the plaintiff has "suspicion of one or more of the elements of a cause of action, coupled with knowledge of any remaining elements." *Grisham*, 151 P.3d at 1156 (quoting *Fox*, 110 P.3d at 920).

Here, Alison's December 2010 filing of her complaint was untimely. Alison's claim accrued by early 2008, when a statement by Patrick led her to begin investigating her mother's death, including by contacting the police.[2] *See id.* at 920. By June 2009, within the limitations period, Alison's private investigator obtained access to the police file, which contained a factual basis for her claim. Accrual is not tolled since the factual basis for the claim was reasonably discoverable within the limitations period. *See id.* at 921, 924. The statute of limitations expired two years after the claim accrued in 2008, i.e., by early 2010.

Patrick is not equitably estopped from asserting the statute of limitations. Patrick's misrepresentations did not prevent Alison from either receiving inquiry notice of her claim, *see Parsons v. Tickner*, 31 Cal. App. 4th 1513 (App. 2d Dist. 1995), or discovering its factual basis, *see Baker v. Beech Aircraft Corp.*, 39 Cal. App. 3d 315 (App. 4th Dist. 1974).

Finally, Alison waived her challenge to the district court's denial of leave to amend by raising it for the first time in her reply brief. *See Zadrozny v. Bank of N.Y. Mellon*, 720 F.3d 1163, 1173 (9th Cir. 2013).

**AFFIRMED.**

---

[2] Accrual would also have been triggered under the alternative formulation. Alison knew she had been injured by her mother's death, which she suspected was caused by Patrick's unlawful conduct. *See Grisham*, 151 P.3d at 1156.