**NOT FOR PUBLICATION**

MAY 18 2015

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

ANTHONY MARINO, on behalf of himself and all others similarly situated,

     Plaintiff - Appellant,

v.

COUNTRYWIDE FINANCIAL CORPORATION, n.k.a. Bank of America Home Loans; et al.,

    Defendants - Appellees.

</td><td>

No. 14-56206

D.C. No. 8:14-cv-00046-JLS-AN

MEMORANDUM[*]

</td></tr>
</table>

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted May 5, 2015[**]
Pasadena, California

Before: LIPEZ,[***] WARDLAW, and MURGUIA, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Kermit V. Lipez, Senior Circuit Judge for the First Circuit, sitting by designation.

Anthony Marino appeals the district court's order dismissing his claims for fraudulent concealment and violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.* We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Marino obtained two mortgage loans from Appellee Countrywide Financial Corp., secured by deeds to Marino's home. Marino is in default on the second of these loans, and he claims that his home is worth less than he owes on the loans. Accordingly, if Countrywide's successor, Appellee Bank of America, elects to foreclose on his home, Marino is potentially subject to a deficiency judgment. Marino alleges that Countrywide's lending practices increased the risk that he would face such a judgment. He further alleges that Countrywide knew of, but did not disclose, this increased risk, and that he would not have accepted the second mortgage loan had he known of this risk.

1. The district court did not err in dismissing Marino's claims for declaratory and injunctive relief as constitutionally unripe because a deficiency judgment was not "certainly impending." *Addington v. U.S. Airline Pilots Assoc.*, 606 F.3d 1174, 1179 (9th Cir. 2010) (internal quotation marks and emphasis omitted). Nor was there "a real or immediate threat of injury." *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004) (internal

quotation marks and emphasis omitted).  Even assuming that Bank of America's letter stating its intent to foreclose was sufficient to make the threat of *foreclosure* real or immediate, Marino seeks protection not from foreclosure but from the possible entry of a *deficiency judgment*.  Before such a judgment could be entered, (1) Bank of America would have to successfully pursue a judicial foreclosure; (2) the foreclosure sale would have to result in a deficiency; (3) Bank of America would have to decide to pursue, then timely apply for, a deficiency judgment, *see* Cal. Code Civ. P. § 726(b); and (4) Bank of America would have to secure a favorable ruling at a fair value hearing.  Before these contingencies occur, Marino might cure his default, the parties might settle, the housing market might improve, or, among other possibilities, Bank of America might conclude that the costs of pursuing a deficiency judgment outweigh the benefits.  Thus, the injury Marino seeks to avoid is by no means "certainly impending," and the threat of that injury is not "real or immediate."  *Addington*, 606 F.3d at 1179 (internal quotation marks and emphasis omitted); *Hangarter*, 373 F.3d at 1021 (internal quotation marks and emphasis omitted).

2.  Nor did the district court err in concluding that Marino's claim for restitution is barred by the UCL's four-year statute of limitations.  *See* Cal. Bus & Prof. Code § 17208.  Marino's various arguments that the statute of limitations was

3

tolled until 2013 are unavailing. Under the delayed discovery rule, the statute of limitations was indeed tolled, but it was tolled only until 2008, at the latest. At that point, as the facts are alleged, Marino clearly "ha[d] reason to suspect an injury and some wrongful cause." *Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d 914, 917, 920 (Cal. 2005) (explaining that "accrual of a cause of action [is] contingent on when a party discovered or *should have* discovered that his or her injury had a wrongful cause").

By 2008, Marino knew of his alleged injury, that he was in default, and that his home's value, and the housing market as a whole, had declined dramatically. By this time, he also had ample reason to suspect the alleged "wrongful cause" of this injury. Throughout 2007 and 2008, Countrywide's role in the housing crisis, including its knowledge that home prices would fall, was widely discussed in the media, congressional hearings, and publicly available court filings. Given this publicity, even if Marino was not actually aware of the wrongful cause of his alleged injury by 2008, he was at least on inquiry notice by that time, and his cause accrued. *See Fox*, 110 P.3d at 917, 920.

For the same reasons, the fraudulent concealment doctrine does not save Marino's claim. See *Baker v. Beech Aircraft Corp.*, 39 Cal. App. 3d 315, 321 (1974) (tolling the statute of limitations only where the plaintiff "had no actual or

4

presumptive knowledge of facts sufficient to put him on inquiry").  Likewise, the "continuing violation doctrine" does not toll the limitations period on Marino's UCL claim for restitution.  Marino's injury, which occurred at a precise moment in 2006 when his loan was originated, was not "the product of a series of small harms, any one of which may not be actionable on its own."  *See Aryeh v. Canon Bus. Solutions, Inc.*, 55 Cal. 4th 1185, 1197 (2013).[1]

    **AFFIRMED.**

---

[1] Because Marino's claims are either unripe or time-barred, we need not address the district court's alternative conclusion that Marino failed to state a claim.