NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 12 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GREGORY R. RAIFMAN; et al., | No. 14-15851 |
| Plaintiffs - Appellants, | |
| v. | D.C. No. 4:11-cv-02885-SBA |
| WACHOVIA SECURITIES, LLC, n/k/a Wells Fargo Advisors, LLC and WELLS FARGO ADVISORS, LLC, successor in interest to Wachovia Securities, LLC, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Submitted May 9, 2016**
San Francisco, California

Before: McKEOWN and FRIEDLAND, Circuit Judges and BOULWARE,***
District Judge.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Richard F. Boulware, District Judge for the U.S. District Court for the District of Nevada, sitting by designation.

The issue on appeal is whether Plaintiffs' suit against Wachovia for alleged misconduct in connection with a "stock loan program" is barred by the statute of limitations. The district court held that it was and we affirm.

Plaintiffs do not dispute that at the time their loans matured and they realized they were not getting their stock back, they were on notice that something was wrong and that this notice required an investigation on their part. They contend, however, that they were on notice of only *Derivium*'s wrongdoing, not *Wachovia*'s. They further contend that, despite their reasonable diligence in investigating, they had no reason to suspect Wachovia until November 2010, when Wachovia produced various documents in a separate bankruptcy matter. That is when "smoking gun" evidence was discovered and Plaintiffs claim they finally became aware that they could pursue claims against Wachovia. Plaintiffs argue that the "delayed discovery rule" should apply to toll the statute of limitations until they discovered those documents.

Under California law (which provides the longest statute of limitations that could apply in this case), the discovery rule "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." *Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d 914, 920 (Cal. 2005). "A plaintiff has

reason to discover a cause of action when he or she 'has reason at least to *suspect* a factual basis for its elements.'" *Id.* (emphasis added) (quoting *Norgart v. Upjohn Co.*, 981 P.2d 79, 88 (Cal. 1999)). "Elements" does not refer to the legal elements of a specific claim, merely the "'generic' elements of wrongdoing, causation, and harm." *Id.* In other words, "a potential plaintiff who suspects that an injury has been wrongfully caused must conduct a reasonable investigation of *all potential causes of that injury*. If such an investigation would have disclosed a factual basis for a cause of action, the statute of limitations begins to run on that cause of action when the investigation would have brought such information to light." *Id.* at 921 (emphasis added). To take advantage of the discovery rule, a plaintiff must "specifically plead facts to show (1) the time and manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence." *Grisham v. Philip Morris, USA, Inc.*, 151 P.3d 1151, 1159 (Cal. 2007).

As the district court correctly explained, based on Wachovia's involvement in the loan program, Plaintiffs had reason to suspect possible wrongdoing by Wachovia and to investigate Wachovia within the time limitations. Plaintiffs did not adequately plead in their complaint what investigations they undertook and why they were unable to discover earlier the facts that were later disclosed in the

separate bankruptcy proceeding. None of Plaintiffs' allegations regarding Wachovia show what, if anything, Plaintiffs did to diligently investigate Wachovia in *this case*, nor does the complaint provide any reason why Plaintiffs were unable to discover information sufficient to file a complaint within the statutory period.

Moreover, Plaintiffs' contention that they could not have filed suit until the November 2010 "smoking gun" disclosure is unavailing for at least two reasons: First, the letter primarily referred to as the key disclosure does not actually say Wachovia sold the borrowers' securities or that anything untoward was happening between Wachovia and Derivium. Second, "[a] plaintiff need not be aware of the specific 'facts' necessary to establish the claim [in order for the claim to accrue]; that is a process contemplated by pretrial discovery. Once the plaintiff has a suspicion of wrongdoing, and therefore an incentive to sue, she must decide whether to file suit or sit on her rights." *Jolly v. Eli Lilly & Co.*, 751 P.2d 923, 928 (Cal. 1988) (in bank).

Finally, Plaintiffs' contention that the limitations period should be tolled because of Wachovia's fraudulent concealment of relevant materials fails for similar reasons. "In order to establish fraudulent concealment, the complaint must show: (1) when the fraud was discovered; (2) the circumstances under which it was

4

discovered; and (3) that the plaintiff was not at fault for failing to discover it or had no actual or presumptive knowledge of facts sufficient to put him on inquiry." *Baker v. Beech Aircraft Corp.*, 114 Cal. Rptr. 171, 175 (Cal. Ct. App. 1974). Again, Plaintiffs do not sufficiently allege any efforts to investigate, or that Wachovia fraudulently withheld information. In their briefing before this court, Plaintiffs also do nothing to suggest that they could so allege if given an opportunity to amend—even after the district court faulted their allegations on these very grounds. The district court was therefore correct in treating further leave to amend as futile.

**AFFIRMED.**