**Roberta WITH, on Behalf of herself as the widow of Alvin With, Plaintiff-Appellant,**

v.

**GENERAL ELECTRIC COMPANY, a New York corporation, d/b within the State of Colorado, Bowers Transfer and Storage, a Colorado corporation, and Natkin & Company, a Missouri corporation, Defendants-Appellees.**

No. 82CA0499.

Colorado Court of Appeals, Div. I.

Oct. 21, 1982.

Glasman, Jaynes & Carpenter, Richard H. Glasman, John A. Steninger, Denver, for plaintiff-appellant.

Watson, Nathan & Bremer, P.C., Howard W. Bremer, Denver, for defendant-appellee General Elec. Co.

Greengard, Blackman & Senter, William L. Senter, Peter T. Moore, Denver, for defendant-appellee Bowers Transfer and Storage.

The Law Firm of Thomas J. de Marino, Mark E. Macy, Denver, for defendant-appellee Natkin & Co.

PIERCE, Judge.

Plaintiff, Roberta With, commenced this wrongful death action in December 1981, approximately two years and ten months after her husband died in an industrial accident. On General Electric's motion for summary judgment, the trial court dismissed With's complaint, holding her claims were barred by the two-year statute of limitations for wrongful death. We affirm.

Section 13–21–204, C.R.S.1973 (1981 Cum. Supp.) provides:

"All actions provided for in this part 2 shall be brought within two years after the commission of the alleged negligence resulting in the death for which suit is brought or within one year after the death for which suit is brought, whichever is later."

Plaintiff contends the statute of limitations does not begin to run until the alleged negligent act is "discovered." In January 1980, she received and read an OSHA report on the accident, at which time, she contends, she first became aware of the alleged negligence. Therefore, she alleges the statute did not begin to run until she became aware of the contents of the report. She cites several medical malpractice cases as authority for application of the "discovery" rule to this case. We disagree with her argument.

The discovery rule has been applied by case law and statute to malpractice actions as courts and legislatures have realized that, in many instances, a plaintiff in such an action may be completely unaware of injuries resulting from treatment on the date it is given, and thus, may have no immediate notice of a potential tort claim. When a death occurs following an accident, this lack of knowledge is removed.

The above statute both now, and in its previous form, has consistently been strictly interpreted and we can only conclude that the statute of limitation specifically started running no later than the date of death. *See e.g. Crownover v. Gleichman,* 194 Colo. 48, 574 P.2d 497 (1977); *Ferrari v. District Court,* 185 Colo. 136, 522 P.2d 105 (1974); *Fish v. Liley,* 120 Colo. 156, 208 P.2d 930 (1949).

The judgment is affirmed.

COYTE and KELLY, JJ., concur.