**Raymond PHILLIPS, as an individual, Raymond Phillips, as surviving spouse and next friend and representative of the estate of Evelyn Phillips, Deceased, Plaintiff-Appellant,**

v.

**Dr. R.C. BEETHE, M.D., Defendant-Appellee.**

**No. 82CA1432.**

Colorado Court of Appeals, Div. II.

March 1, 1984.

Heyl, Bostrom, Haring & Hitt, Guy M. Heyl, Jeffrey J. Peshut, Denver, for plaintiff-appellant.

Hall & Evans, Alan Epstein, Denver, for defendant-appellee.

ENOCH, Chief Judge.

Plaintiff, Phillips, appeals the trial court's entry of summary judgment dismissing his wrongful death and medical malpractice claims in favor of the defendant, Dr. Beethe. We affirm in part and reverse in part.

On December 9, 1978, plaintiff's wife went to see Dr. Beethe with severe vomiting. Dr. Beethe diagnosed Mrs. Phillips as having acute gastritis. Mrs. Phillips was transferred to a Denver hospital on December 10, 1978, and the following day, December 11, she was operated on by another doctor for a small bowel obstruction. She died on February 2, 1979.

Phillips first filed a suit on January 29, 1981, in the U.S. District Court of Colorado, alleging wrongful death and medical malpractice against Dr. Beethe. This suit was dismissed without prejudice on November 13, 1981, for lack of subject matter jurisdiction. The current action involving these same claims was filed in the state court on February 19, 1982. On defendant's motion, the trial court entered summary judgment in favor of defendant on both claims, holding that the suit had not been filed within the time period set forth by the appropriate statute of limitations.

## I. WRONGFUL DEATH CLAIM

The first issue is whether the court erred in granting summary judgment for defendant on the grounds that the wrongful death claim had been filed in the state court more than two years after the death of Mrs. Phillips.

The statute of limitations, § 13–21–204, C.R.S., requires that a wrongful death claim must be filed no later than two years after the date of death. *With v. General Electric Co.*, 653 P.2d 764 (Colo.App.1982). Because the death occurred February 2, 1979, and this state court suit was not filed until February 19, 1982, it is obvious that more than two years had elapsed. The plaintiff contends, however, that the remedial revival statute, § 13–80–128, C.R.S., applies, and therefore, he had an additional year within which to file this action after dismissal of the federal court action for lack of jurisdiction.

The remedial revival statute, § 13–80–128, C.R.S., however, does not apply to wrongful death actions. *Gonzales v. Denver Rio Grande Western R.R.*, —— P.2d —— (Colo.App. No. 83CA0581, announced March 1, 1984). Therefore, inasmuch as this action was not filed in the state court within two years after Mrs. Phillips' death, the court was correct in entering summary judgment on the claim.

## II. MEDICAL MALPRACTICE CLAIM

The first question that must be answered concerning the claim based on medical malpractice is whether the remedial revival statute, § 13–80–128, C.R.S., applies. Although it does not apply to a wrongful death claim, we hold it does apply to a medical malpractice claim. Medical malpractice is one of the types of claims set forth in § 13–80–105, C.R.S. (1983 Cum. Supp.), and § 13–80–128 applies to actions set forth in §§ 13–80–101 through 13–80–128, C.R.S.

The time begins to run on a medical malpractice claim when the plaintiff "discovered, or in the exercise of reasonable diligence and concern should have discovered, the injury." Section 13–80–105(1), C.R.S. (1983 Cum.Supp.). The federal action, having been filed January 29, 1981, was not within two years of December 10, 1978, which the state court ruled, as a matter of law, to be the date that plaintiff discovered or should have discovered the injury. If the trial court was correct in setting that date, then the claim was properly disposed of by summary judgment.

Plaintiff claims, however, and we agree, that where the date when plaintiff discovered, or in the exercise of reasonable diligence and concern, should have discovered the injury, is a disputed question of fact, it cannot be determined in a summary judgment proceeding. This fact, when disputed, can be determined only by the trier of facts after presentation of the evidence. *See Owens v. Brochner*, 172 Colo. 525, 474 P.2d 603 (1970). Here, the date was in dispute. Therefore, the trial court erred in fixing the date of December 10, 1979, as a matter of law and entering summary judgment in favor of Dr. Beethe on this claim.

The judgment is affirmed with respect to the wrongful death claim. The judgment is reversed with respect to the medical malpractice claim, and the cause is remanded for further proceedings on this claim not inconsistent with this opinion.

SMITH and BABCOCK, JJ., concur.