Gerald A. RAUSCHENBERGER, Terry Rauschenberger, the Estate of Elton H. Rauschenberger, and Ada Mae Rauschenberger, Plaintiffs-Appellants,

v.

Dr. Paul RADETSKY,
Defendant-Appellee.

No. 83CA1336.

Colorado Court of Appeals,
Div. III.

Aug. 15, 1985.

Rehearing Denied Oct. 3, 1985.

Certiorari Granted (Rauschenberger)
Jan. 21, 1986.

Podoll and Podoll, P.C., Richard B. Podoll, Denver, for plaintiffs-appellants.

Johnson, Mahoney & Scott, P.C., Collie E. Norman, Denver, for defendant-appellee.

TURSI, Judge.

This is a wrongful death and medical malpractice action in which the trial court granted defendant's motion to dismiss and for summary judgment. On appeal by plaintiffs, we affirm.

Plaintiffs Gerald and Terry Rauschenberger, sons and heirs of decedent Elton H. Rauschenberger, brought an action for the wrongful death of their father. They claimed that the alleged negligent treatment of their father by defendant, Dr. Paul Radetsky, through his prescribing excessive amounts of addictive narcotics over a period of approximately ten years eventually caused their father's death. Decedent's former spouse, Ada Mae Rauschenberger, joined the two sons in a separate medical malpractice claim asserting direct damages for loss of family head, enjoyment of life, and loss of income from the death of Elton Rauschenberger. Decedent's estate also joins a claim for punitive damages for willful, wanton, and reckless conduct.

The trial court dismissed the wrongful death claim as untimely filed. The trial court also dismissed the medical malpractice claim as failing to state an actionable claim, holding that defendant doctor owed a duty of reasonable care only to decedent

while he was a patient and not to members of his immediate family. The punitive damages claim was summarily dismissed.

### Wrongful Death

The statute limiting the time in which a wrongful death action may be brought, § 13–21–204, C.R.S. (1984 Cum.Supp.), provides:

"All actions provided by this part 2 shall be brought within two years after the commission of the alleged negligence resulting in the death for which suit is brought or within one year after the death for which suit is brought, whichever is later."

Elton Rauschenberger died on June 2, 1981, and this action was filed May 31, 1983. The trial court determined that the latest possible date of commission of alleged negligence resulting in the death was April 25, 1981, when decedent was last treated by Dr. Radetsky. Thus, plaintiffs' action was filed more than one year after decedent's death and more than two years after the alleged commission of any negligence.

■ Plaintiffs argue the limitation period should begin to run at a date later than June 2, 1981, because they did not actually discover the alleged negligence of Dr. Radetsky until sometime after Elton Rauschenberger's death. When an act of negligence resulting in death occurred two years prior to the filing of suit, the one-year limitation period in a wrongful death action is applicable and begins to run on the date of the death of the decedent. *With v. General Electric Co.*, 653 P.2d 764 (Colo.App.1982). Accordingly, plaintiffs failed to file this action within the statutory limitation period of § 13–21–204, C.R.S., and defendant is entitled to summary judgment on this claim. *See* C.R.C.P. 56; *Phillips v. Beethe*, 679 P.2d 126 (Colo. App.1984).

### Medical Malpractice

Plaintiffs argue that the trial court erred in dismissing their medical malpractice claim because implicit therein was an independent claim for tortious injury to themselves. Plaintiffs' complaint, however, failed to allege that the defendant owed them an independent duty or that their alleged injury was a foreseeable consequence of the claimed malpractice. Rather, the complaint alleged that defendant owed a duty only to decedent and that plaintiffs' damages were proximately caused by defendant's negligent treatment of their decedent father. The trial court concluded, based upon statements in affidavits filed by plaintiffs, that the statute of limitations had run on any independent claim for relief and that plaintiffs had failed to allege a claim upon which relief could be granted.

■ Although a duty to third parties injured by a patient negligently treated by a defendant physician may arise in certain instances, *see Bauer v. Southwest Denver Mental Health Center, Inc.*, 701 P.2d 114 (Colo.App.1985); Restatement (Second) of Torts §§ 315, 319, 324A (1965), the allegations in plaintiffs' complaint and the supporting affidavits do not bring their claims here within this rule. Thus, plaintiffs' reliance on *DeCicco v. Trinidad Area Health Ass'n*, 40 Colo.App. 63, 573 P.2d 559 (1977) is misplaced.

Accordingly, the only other cause of action for medical malpractice that can be asserted here is under our survival statute, § 13–20–101, C.R.S. However, plaintiffs admit that they are not asserting claim under the survival statute but rather are claiming direct injury. Plaintiffs' claims for damages caused by the loss of their family head are limited to an action under our wrongful death statute. Section 13–21–202, C.R.S. *Taylor v. Welle*, 143 Colo. 37, 352 P.2d 106 (1960). Thus, the trial court was correct in dismissing plaintiffs' medical malpractice action and the derivative punitive damages claimed.

Accordingly, the judgment of the trial court dismissing all of plaintiffs' claims is affirmed.

STERNBERG and METZGER, JJ., concur.