In re Interrogatory of the United States District Court: FIRST INTERSTATE BANK OF FORT COLLINS, N.A., as conservator of the Estate of John David Cobb, a/k/a John D. Cobb, a protected person; Linnea S. Cobb, now by marriage Linnea S. Hess, individually and as guardian of John David Cobb, an incapacitated person; and John David Cobb, individually, Plaintiffs,

v.

PIPER AIRCRAFT CORPORATION and Bangor–Punta Corporation, Defendants.

No. 85SA239.

Supreme Court of Colorado, En Banc.

Nov. 2, 1987.

**1198**

Harden, Schmidt & Hass, P.C., Ralph B. Harden, Fort Collins, for plaintiffs.

Weller, Friedrich, Hickisch, Hazlitt & Ward, W. Robert Ward, Mary Wells, Edward Godin, Denver, for defendants.

KIRSHBAUM, Justice.

Pursuant to C.A.R. 21.1, the United States District Court for the District of Colorado has certified the following question of Colorado law which may be determinative of a claim in a case presently pending in that court:

> Is the limitations period set forth in Colorado's wrongful death statute subject to tolling for fraudulent concealment of the facts underlying the wrongful act?

We answer this question in the affirmative.

**I**

The following pertinent facts have been gleaned from the trial court's certification order and from its orders respecting motions to dismiss. The plaintiffs, Linnea S. Hess, f/k/a Linnea S. Cobb, and John D. Cobb, children and heirs of the decedent, Benjamin G. Cobb (Cobb), brought this wrongful death action against the defendants, Piper Aircraft Corporation and Bangor–Punta Corporation (collectively "Piper"), alleging defective design and construction of a Model PA31T Piper Cheyenne airplane which Piper sold to Cobb in 1977.[1] On June 2, 1978, the airplane crashed during takeoff from the Lamar, Colorado, airport, causing Cobb's death. On May 30, 1984, the plaintiffs filed their action in the United States District Court for the District of Colorado, alleging that the defendants' negligent design and construction of the airplane caused the crash and that the defendants failed to warn of the defect in design or of methods of operation which would avoid the hazards associated with the defect. The plaintiffs further alleged that the defendants actively and intentionally concealed the airplane's defective design and construction from Cobb, from the Federal Aviation Administration and from the National Transportation Safety Board.[2] The plaintiffs also averred that, because of Piper's alleged concealment, the defective nature of the airplane was not known to them until publication of an article on the subject in the December 15, 1983, issue of *The Wall Street Journal.* Piper moved to dismiss, contending that the plaintiffs' cause of action accrued on June 2, 1978, the date of the crash, and was, therefore, barred by applicable statutes of limitation. In the course of reviewing the plaintiffs' motion for reconsideration of dismissal of the wrongful death action, the trial court elected to certify the instant question to this court.

---

1. First Interstate Bank of Fort Collins, N.A., is also a plaintiff in the action in federal court, asserting a survival claim as personal representative of the decedent's estate. Additionally, plaintiffs Linnea S. Hess and John D. Cobb asserted a claim based on outrageous conduct. The federal district court concluded that the defendants' allegedly fraudulent concealment tolled the statute of limitation respecting both the survival claim and Linnea S. Hess' outrageous conduct claim. The court granted the defendants' motion to dismiss John D. Cobb's outrageous conduct claim because he failed to allege either that he witnessed the crash or was in dangerous proximity to the crash.

  The plaintiffs named Bangor–Punta Corporation as a defendant on the assertion that in 1978 Piper Aircraft Corporation was merged into the Bangor–Punta Corporation under circumstances which rendered the latter liable for the conduct of Piper Aircraft Corporation.

2. The plaintiffs allege that Piper deliberately and intentionally destroyed engineering data, flight test reports, photographs and other documents pertaining to the alleged defect. For a discussion of the facts surrounding the alleged concealment of defect in the Piper Model PA31T airplanes, see *Carlucci v. Piper Aircraft Corp.,* 102 F.R.D. 472 (S.D.Fla.1984) (imposing default sanction upon finding that Piper destroyed Model PA31T engineering documents with the intention of preventing their use in lawsuit).

## II

### A

Piper argues that in wrongful death actions where the injury occurs contemporaneously with death the statute of limitation must be strictly construed to disallow tolling for a defendant's fraudulent concealment of facts material to determining the existence of a claim for relief. This argument is not persuasive.

The parties agree that the statute of limitation applicable to this wrongful death action is section 13–21–204, 6 C.R.S. (1985 Supp.).[3] The predecessor to this statutory provision was section 13–21–204, 6 C.R.S. (1973), which provided:

> All actions [seeking damages for death by negligence] shall be brought within two years from the commission of the alleged negligence resulting in the death for which suit is brought.

In *Public Service Co. of Colorado v. Barnhill*, 690 P.2d 1248 (Colo.1984), this court was presented with the issue of whether section 13–21–204, 6 C.R.S. (1973), was a "non-claim statute"—i.e., a self-contained statute the terms of which prohibit absolutely the initiation of litigation beyond a prescribed time period. Such statutory provisions, because they are deemed conditions upon the existence of a particular right, are jurisdictional in effect and, therefore, are not subject to other extrinsic tolling provisions which allow extensions of time for filing claims beyond the periods prescribed in general statutes of limitation. *E.g., In re Estate of Daigle*, 634 P.2d 71 (Colo.1981); *In re Estate of Randall v. Colorado State Hosp.*, 166 Colo. 1, 441 P.2d 153 (1968). After carefully examining the language employed by the General Assembly in adopting this statute, we concluded that it was not a non-claim statute and, therefore, was subject to the tolling

provisions of the general disability statute, section 13–81–103, 6 C.R.S. (1973). *Barnhill*, 690 P.2d at 1251–53. The wrongful death statute certainly created a right of recovery for death resulting from negligent acts. We recognized that in creating this right the General Assembly evidenced "an overriding purpose of furthering the interests of those who bear the burden of such tragic events" and that to construe the statute to disallow tolling for the special circumstance created by mental disability of the plaintiff would directly contravene such purpose. *Id.* at 1252.

In 1979, the wrongful death statute of limitation was amended to the version deemed applicable to this case. Act approved June 7, 1979, ch. 134, § 1, 1979 Colo.Sess.Laws 615. That statute provides as follows:

> **Limitation of actions.** All actions [seeking damages for death by negligence] shall be brought within two years after the commission of the alleged negligence resulting in the death for which suit is brought or within one year after the death for which suit is brought, whichever is later.

§ 13–21–204, 6 C.R.S. (1985 Supp.). The language of this provision neither states nor suggests that filing a claim within the prescribed time period is an absolute precondition to the existence of the claim, or that failure to so file bars the claim or deprives the court of jurisdiction. *See Public Serv. Co. of Colo. v. Barnhill*, 690 P.2d at 1252 (Colo.1984). Moreover, prior to the enactment of either the limitation period applicable here or its predecessor provision, this court decided *In re Estate of Randall v. Colorado State Hospital*, 166 Colo. 1, 441 P.2d 153 (1968), which clearly delineated the kind of statutory language necessary to constitute a non-claim stat-

---

**3.** The statute of limitation in effect when a cause of action accrues governs the time within which a civil action must be commenced. *Comstock v. Collier*, 737 P.2d 845 (Colo.1987); *Mishek v. Stanton*, 200 Colo. 514, 616 P.2d 135 (1980). Although Piper asserts that the cause of action accrued on the date of death, June 2, 1978, it does not contend that the pre–1979 version of the wrongful death statute of limitation, § 13–21–204, 6 C.R.S. (1973), is applicable to this case. We note that we reach the same result respecting the tolling of the statute of limitation for fraudulent concealment whether applying § 13–21–204, 6 C.R.S. (1973), or the subsequently amended version of the statute found at § 13–21–204, 6 C.R.S. (1985 Supp.).

ute.[4] The General Assembly's decision not to employ language that clearly would have revealed an intent to create a non-claim statute is certainly a substantial indication that it intended to create a statute of limitation rather than a non-claim statute when it adopted the critical language. *See In re Estate of Daigle,* 634 P.2d 71 (Colo. 1981).

By promoting justice, discouraging unnecessary delay and forestalling prosecution of stale claims, statutes of limitation ensure that a defendant will have a full and fair opportunity to obtain evidence necessary to the preparation of a defense and provide the peace of mind that accompanies a foreseeable end to the possibility of litigation. *See Public Serv. Co. of Colo. v. Barnhill,* 690 P.2d 1248; *Colorado State Bd. of Medical Examiners v. Jorgensen,* 198 Colo. 275, 599 P.2d 869 (1979). The policies discouraging unnecessary delay and prosecution of stale claims have little applicability if the plaintiff has exhibited due diligence and the defendant is responsible for the dilatory filing. *E.g., Baker v. Beech Aircraft Corp.,* 39 Cal.App.3d 315, 114 Cal.Rptr. 171 (1974). Moreover, where the defendant engages in fraudulent concealment of facts pertinent to the existence of a claim and is successful in concealing those facts until the limitation period has run, it cannot be said that declining to toll the statute of limitation promotes the interests of justice.

█ Reflective of the long history at common law of disapprobation of fraud, *see, e.g., Glus v. Brooklyn E. Dist. Terminal,* 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959) (tolling statute of limitation for fraudulent concealment); *Bailey v. Glover,* 88 U.S. (21 Wall.) 342, 22 L.Ed. 636 (1874) (same result), this court has consistently recognized fraudulent concealment as a basis for tolling statutes of limitation, *Owens v. Brochner,* 172 Colo. 525, 474 P.2d 603 (1970); *Davis v. Bonebrake,* 135 Colo. 506, 313 P.2d 982 (1957); *Rosane v. Senger,* 112 Colo. 363, 149 P.2d 372 (1944). Generally,

fraudulent concealment will not toll the limitation period prescribed in a wrongful death statute where meeting the limitation requirement is a condition precedent to bringing an action. *See generally* 2 S. Speiser, *Recovery for Wrongful Death* § 11:24 (2d ed. 1975 & 1986 Supp.); *but see DeCosse v. Armstrong Cork Co.,* 319 N.W.2d 45 (Minn.1982) (though meeting the limitation requirement of Minnesota statute is condition precedent to right of recovery, exception is made for fraudulent concealment because of strong public policy against allowing tortfeasor to hide behind a limitation period which expired due to tortfeasor's fraudulent conduct). However, where meeting the limitation period is not an absolute precondition to maintaining a right of action, tolling based on fraudulent concealment has been allowed. *See generally* 2 S. Speiser, *Recovery for Wrongful Death* § 11:24 (2d ed. 1975 & 1986 Supp.).

█ In accordance with our holding in *Barnhill* that Colorado's wrongful death statute is not a non-claim statute, we conclude that the wrongful death limitation period is subject to tolling for fraudulent concealment of the facts underlying the wrongful act. The elements of fraudulent concealment, which a plaintiff must prove in order to toll a statute of limitation, are: (1) the concealment of a material existing fact that in equity and good conscience should be disclosed; (2) knowledge on the part of the party against whom the claim is asserted that such a fact is being concealed; (3) ignorance of that fact on the part of the one from whom the fact is concealed; (4) the intention that the concealment be acted upon; and (5) action on the concealment resulting in damages. *Kopeikin v. Merchants Mortg. & Trust Corp.,* 679 P.2d 599 (Colo.1984); *Teodonno v. Bachman,* 158 Colo. 1, 404 P.2d 284 (1965); *Morrison v. Goodspeed,* 100 Colo. 470, 68 P.2d 458 (1937); *see also* Restatement (Second) of Torts § 550 comment b (1976) (noting that fraudulent concealment may be present when a defendant frustrates an investigation and that false denial

---

**4.** This court specifically noted in *In re Estate of Randall v. Colorado State Hospital* that "the section [of the statute] decreeing that claims 'if not

so filed, shall be forever barred' is not the language of a statute of limitations." 166 Colo. 1, 6, 441 P.2d 153, 155 (1968).

of knowledge may also subject the defendant to liability if its effect is to lead the plaintiff to believe that "the facts do not exist or cannot be discovered"). The limitation period does not begin to run until the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the existence of facts forming the basis of a claim for relief. To hold otherwise would allow tortfeasors, by virtue of knowing and intentional fraudulent conduct, to defeat the basic purpose of the wrongful death statute—protecting the interests of those who, through no fault of their own, must "bear the burden of such tragic events." *Barnhill*, 690 P.2d at 1252; *accord, e.g.*, *Baker v. Beech Aircraft Corp.*, 39 Cal.App.3d 315, 114 Cal.Rptr. 171 (1974) (statute of limitation, designed to prevent fraud, must not become the means by which fraud is made secure and successful). Neither the language nor the purpose of the statute warrants the conclusion that such an unjust result may be inferred from the statute.

### B

■ The purposes which form the basis of statutes of limitation—promoting justice, discouraging unnecessary delay and forestalling prosecution of stale claims—require the conclusion that a limitation period should be tolled for fraudulent concealment only so long as the plaintiff is unable, by reasonable diligence, to discover the facts necessary for determining the existence of a claim for relief. *See, e.g.*, *Owens v. Brochner*, 172 Colo. 525, 474 P.2d 603 (1970); *Davis v. Bonebrake*, 135 Colo. 506, 313 P.2d 982 (1957); *accord, e.g.*, *Baker v. Beech Aircraft Corp.*, 39 Cal.App.3d 315, 114 Cal.Rptr. 171 (1974). Piper contends that in products liability cases knowledge of death is tantamount to knowledge of the existence of the basis of a potential tort claim. As the facts of this case demonstrate, logic and common sense require rejection of this argument.

■ Piper relies on *With v. General Electric Co.*, 653 P.2d 764 (Colo.App.1982), a case involving a wrongful death action stemming from an industrial accident. The court in *With* noted that in medical malpractice actions a plaintiff may on the date of treatment be unaware of injuries resulting from that treatment, but that "[w]hen a death occurs following an accident, this lack of knowledge is removed." *Id.* at 765. Here, having witnessed the airplane crash, it is undisputed that plaintiff Hess was aware of the death on the date of its occurrence. We cannot agree, however, that the mere fact that the plaintiff was aware of a death on the date of its occurrence is dispositive of whether the fraudulent concealment doctrine should be applied to a wrongful death action. Negligent conduct cannot be presumed from the happening of an accident, but may be established by the facts and circumstances surrounding the accident. *Richardson v. Pioneer Constr. Co.*, 164 Colo. 270, 434 P.2d 403 (1967); *Remley v. Newton*, 147 Colo. 401, 364 P.2d 581 (1961). Frequently, some time is required for interested persons to discover sufficient information about the significant circumstances surrounding and contributing to an injury or a death to permit accurate assessment of the actual causes of such injury or death. Furthermore, the pattern of facts and circumstances surrounding different accidents will by necessity vary widely. For these reasons, the question of whether a plaintiff applied reasonable diligence in discovering that a death was caused by a negligent act must generally be deemed a question of fact for determination by the fact-finder, whether jury or judge. *See, e.g.*, *Owens v. Brochner*, 172 Colo. 525, 474 P.2d 603; *Davis v. Bonebrake*, 135 Colo. 506, 313 P.2d 982; *accord, e.g.*, *Baker v. Beech Aircraft Corp.*, 39 Cal.App.3d 315, 114 Cal.Rptr. 171 (where plaintiff allegedly learned cause of airplane accident only upon reading article on the subject in *The Wall Street Journal*, whether defendant fraudulently concealed facts material to a claim for relief and whether plaintiff exercised reasonable diligence in discovering such facts are questions for jury). Whether at a fixed moment in time a particular plaintiff should have known the material facts forming the basis of one or more tort claims that might be filed as the result of a death is not a

question which may be considered a question of law.

### III

The question of whether the limitations period set forth in Colorado's wrongful death statute is subject to tolling for fraudulent concealment of the facts underlying the wrongful act is answered in the affirmative.

ROVIRA, J., concurs in the result only.

VOLLACK, J., does not participate.