**In the Matter of the ESTATE OF Phil BLACHER (Deceased).**

**Annette BLACHER, as Personal Representative of the Estate of Phil Blacher, Plaintiff–Appellant,**

v.

**E. Lee GARLETT, M.D., Defendant–Appellee.**

No. 92CA1313.

Colorado Court of Appeals, Div. III.

July 1, 1993.

Epstein Law Offices, P.C., Steven B. Epstein, Denver, for plaintiff-appellant.

Pryor, Carney and Johnson, P.C., Elizabeth C. Moran, Edward D. Bronfin, Englewood, for defendant-appellee.

Opinion by Judge TURSI.

Plaintiff, Annette Blacher, individually and as personal representative of the estate of Phil Blacher (decedent), appeals the dismissal of certain claims against defendant, E. Lee Garlett. She further appeals the denial of her motion to amend the complaint and the award of attorney fees to defendant. We affirm.

The decedent consulted defendant, his physician of many years, because he was experiencing pain while swallowing. Defendant misdiagnosed decedent's ailment as being related to a pre-existing hiatal hernia. Defendant considered this condition nonfatal and, therefore, informed decedent that he was "healthy." In fact, decedent was suffering from cancer.

After receiving defendant's diagnosis, decedent cancelled a $250,000 life insurance policy. Plaintiff, decedent's wife, was the named beneficiary of that policy. Decedent subsequently died of cancer.

Plaintiff, acting individually, thereafter commenced this action claiming that her husband cancelled his life insurance policy based on defendant's negligent diagnosis and that, as a result, she suffered damages in the amount of the lost proceeds as well as for the emotional distress and physical trauma that accompanied her failure to collect the proceeds.

Defendant moved for a dismissal of the action pursuant to C.R.C.P. 12(b)(5). The trial court granted defendant's motion, finding that defendant owed no duty to plaintiff.

Within a week of the dismissal, plaintiff, acting individually and on behalf of decedent's estate, initiated a second suit in another court that was based upon these same facts and asserted the same claims and additional claims based on (1) wrongful death and loss of consortium; (2) pain and suffering and loss of enjoyment by decedent; (3) negligent infliction of emotional distress on decedent; (4) a claim based on *res ipsa loquitur;* (5) outrageous conduct; and (6) a prayer for punitive damages. Thereafter, plaintiff filed a motion for the court to reconsider its judgment of dismissal or, in the alternative, to allow amendment of her complaint in this action. Defendant filed a motion for attorney fees pursuant to § 13–17–201, C.R.S. (1987 Repl. Vol. 6A). The trial court denied plaintiff's motion and granted defendant's motion for attorney fees. The second action was also eventually dismissed.

## I.

Plaintiff first argues that the trial court erred in dismissing her claims as the beneficiary of the life insurance policy. We disagree.

The complaint alleges that decedent would not have cancelled the life insurance policy but for defendant's misdiagnosis.

■ In reviewing the order of dismissal, we must accept the allegations in the complaint as true. *See Schlitters v. State,* 787 P.2d 656 (Colo.App.1989).

■ Duty is a necessary element in any negligence action and its existence is a matter of law to be determined by the court. *Perreira v. State,* 768 P.2d 1198 (Colo.1989). A duty of reasonable care may arise when there is a foreseeable risk of injury to others from a defendant's failure to take protective action to prevent the injury. *Connes v. Molalla Transport System, Inc.* 831 P.2d 1316 (Colo.1992); *see also University of Denver v. Whitlock,* 744 P.2d 54 (Colo.1987).

■ Ordinarily, in the context of a medical malpractice action, a physician owes no duty of care to family members of a deceased patient. *See Bradshaw v. Nicolay,* 765 P.2d 630 (Colo.App.1988); *Rauschenberger v. Radetsky,* 712 P.2d 1089 (Colo. App.1985), *rev'd on other grounds,* 745 P.2d 640 (Colo.1987).

Foreseeability "includes whatever is likely enough in the setting of modern life that a reasonably thoughtful person would take account of it in guiding practical conduct." *Taco Bell, Inc. v. Lannon,* 744 P.2d 43, 48 (Colo.1987).

■ Here, taking the facts of the complaint as true, decedent decided to cancel his life insurance policy upon being erroneously informed by the physician that he was in good health. Furthermore, he would not have done so had he been correctly diagnosed as having cancer. However, the law does not impose upon a physician the burden of knowing every use to which his diagnoses may be put by his patients. The cancellation of insurance is an act not reasonably foreseeable to a physician as a probable consequence of a diagnosis of a patient's condition. Hence, we hold that defendant's duty of care to decedent did not extend to plaintiff as the beneficiary of the life insurance policy unforeseeably cancelled by decedent.

Accordingly, the trial court did not err in dismissing plaintiff's claim.

## II.

Plaintiff also argues that the trial court should have allowed her to amend the complaint to include additional claims of injury pursuant to C.R.C.P. 15(a). Again, we disagree.

Plaintiff's motion to amend shows that she wanted to include, *inter alia,* allegations of wrongful death and negligent misdiagnosis in her amended complaint. The trial court found no reason to allow amendment when plaintiff had already sought relief in another action based upon the same facts. The trial court concluded that plaintiff had effectively consolidated the claims by bringing the second suit.

■ Motions to amend should be freely permitted when the interests of jus-

tice would be served thereby. *Varner v. District Court,* 618 P.2d 1388 (Colo.1980). However, the decision to grant or deny a motion to amend a complaint is committed to the sound discretion of the trial court and will not be reversed on review without a showing of abuse of discretion. *Polk v. Denver District Court,* 849 P.2d 23 (Colo. 1993). A court may properly deny leave to amend because of resulting delay, undue expense, or other demonstrable prejudice to the opposing party. *Varner v. District Court, supra.*

Here, plaintiff seeks to annul the judgment of the trial court by reviving a claim after it has been dismissed. Such will not be permitted.

■ When a plaintiff is aware of the need to amend at the commencement of the action and at all times prior to dismissal, it is not an abuse of discretion to deny such motion after judgment has already been entered. *Peck v. Peck,* 33 Colo. 421, 80 P. 1063 (1905). Also, as admitted in her motion to amend, plaintiff chose not to include the claims in her initial complaint for tactical reasons, not from any lack of knowledge of these additional claims.

Additionally, the dismissal was without prejudice and did not preclude plaintiff from initiating her new suit. *See* C.R.C.P. 41. And, as already mentioned, plaintiff effected a consolidation by bringing the second suit. The trial court noted this situation in its order denying plaintiff's motion.

■ Plaintiff must show an abuse of discretion when challenging a consolidation by the court. *People in Interest of J.F.,* 672 P.2d 544 (Colo.App.1983). There being no claim of abuse of discretion, we cannot justify a determination that reversible error was committed by the trial court in finding an effective consolidation.

Plaintiff urges that the trial court erred by basing its order denying her motion to amend and consolidate on the existence of the second suit without knowing of its procedural status. Plaintiff further contends that the subsequent dismissal of that action substantiated the trial court's improper reliance on it. However, the propriety

of the dismissal of the second action is not before us in this appeal. Consequently, we decline to address the effect it has had.

■ We, therefore, conclude that the trial court did not err in denying plaintiff leave to amend.

### III.

In her opening brief, plaintiff challenges the constitutionality of § 13-17-201, C.R.S. (1987 Repl.Vol. 6A) regarding the award of attorney fees in dismissed actions. However, as plaintiff acknowledges in her reply brief, this court dismissed her amended notice of appeal which raised that issue because it was not timely filed. Therefore, we do not consider that issue.

■ Plaintiff also argues that since the dismissal was inappropriate, the award of attorney fees based upon the dismissal is inappropriate. However, because we have determined that the dismissal was appropriate, the award of attorney fees was proper pursuant to § 13-17-201.

The judgment dismissing plaintiff's complaint, the order denying plaintiff's motion to amend that complaint, and the order awarding attorney fees to defendant are affirmed.

JONES and ROTHENBERG, JJ., concur.