**Charles E. COX, Greg Cox, Jeff Cox, and The Estate of Marsha Cox, Appellants,**

**v.**

**The UPJOHN COMPANY, Dr. Louis Fabre, and Fabre Research Clinics, Appellees.**

No. 05–94–00868–CV.

Court of Appeals of Texas, Dallas.

Nov. 16, 1995.

Rehearing Overruled Jan. 2, 1996.

Michael D. Mosher, David C. Read, Hytken & Mosher, L.L.P., Paris, Franklin Harris Hytken, Dallas, J. Hadley Edgar, Texas Tech University School of Law, Lubbock, for Appellants.

Earl B. Austin, Jeffrey Cox, Baker & Botts, L.L.P., Dallas, for Appellees.

Before CHAPMAN, BARBER and WHITTINGTON, JJ.

## OPINION

BARBER, Justice.

This is a wrongful death case. Appellants Charles E. Cox, Greg Cox, Jeff Cox, and the estate of Marsha Cox (collectively appellants) sued appellees the Upjohn Company, Dr. Louis Fabre, and Fabre Research Clinics (collectively appellees), alleging that Marsha Cox's death resulted from her use of the drugs Halcion and Xanax. The trial court granted appellees' motion for summary judgment on the grounds that the statute of limitations barred the action and that fraudulent concealment was not, as a matter of law, an exception to the statute of limitations under section 16.003(b) of the Texas Civil Practice and Remedies Code.[1] Appellants appeal, asserting that the trial court erred in granting summary judgment in favor of appellees. We reverse the trial court's judgment and remand this cause for further proceedings.

## FACTS

Marsha Cox (the decedent) was the wife of Charles Cox and the mother of Greg Cox and Jeff Cox. In November 1987, the decedent's doctors began prescribing Xanax, an anti-anxiety medication, and Halcion, a sleeping medication, for the decedent. The decedent began experiencing severe psychiatric symptoms, including serious depression and thoughts of suicide, which appellants allege were side effects of the Xanax and Halcion. In May 1988, the decedent began seeing a psychiatrist for her symptoms. She first met with the psychiatrist on May 30, 1988. On May 31, 1988, the decedent, while on her way to a second appointment with the psychiatrist, was driving north on the Julius Schepps freeway. When she reached the overpass over the R.L. Thornton freeway, the decedent swerved out of her lane and drove into a concrete guardrail. She then got out of her car, ran across traffic, and jumped from the overpass to her death.

Appellants brought a wrongful death action against appellees[2] under section 16.003(b) of the Texas Civil Practice and Remedies Code in February 1993. Appellees moved for summary judgment on the ground that the action was barred by the two-year statute of limitations found in section 16.003(b). Appellants responded that appellees were estopped from asserting the statute of limitations as a defense because appellees fraudulently concealed appellants' cause of action. The trial court granted appellees' motion for summary judgment, holding that as a matter of law, fraudulent concealment did not toll the statute of limitations under section 16.003(b).

## STANDARD OF REVIEW

The standards for reviewing motions for summary judgment are well established. *Black v. Victoria Lloyds Ins. Co.*, 797 S.W.2d 20, 23 (Tex.1990). Summary judgment is not intended to deprive litigants of their right to a full hearing on the merits of any real issue of material fact. *Gulbenkian v. Penn*, 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952). The purpose of the summary judgment rule is to eliminate patently unmeritorious claims or untenable defenses.

---

1. All references to section 16.003(b) are to TEX. CIV.PRAC. & REM.CODE ANN. § 16.003(b) (Vernon 1986).

2. Other parties were also listed as defendants. However, they are not parties to this appeal.

*Id.* The trial court's duty is to determine if there are any material fact issues to try, not to weigh the evidence or determine its credibility and try the case on affidavits. *Id.*

■■■ A movant must show its entitlement to summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of its cause of action or defense as a matter of law. *See Black,* 797 S.W.2d at 27. To show its right to a summary judgment, a defendant must either disprove one or more of the essential elements of the plaintiff's cause of action as a matter of law or establish all elements of its defense as a matter of law. *Id.* Where the summary judgment order does not specify the grounds on which it is based, we will uphold the order on any ground asserted by the movant that is supported by the evidence. *See Rogers v. Ricane Enter., Inc.,* 772 S.W.2d 76, 79 (Tex. 1989). When a motion for summary judgment asserts specific grounds, summary judgment cannot be upheld on grounds which were not asserted, even if the evidence supports the unasserted grounds. *McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 342 (Tex.1993). Where the summary judgment order specifies the grounds on which it bases summary judgment, we limit our review to those grounds. *See Delaney v. University of Houston,* 835 S.W.2d 56, 58 (Tex. 1992).

## SCOPE OF REVIEW

On October 7, 1993, the trial court entered an order granting summary judgment on the ground that the doctrine of fraudulent concealment is not an exception to the statute of limitations under section 16.003(b). Appellants filed a motion for new trial, and on April 13, 1994, the court conducted a hearing on it. On April 15, 1994, the trial court entered an amended final judgment that incorporated the language from the first summary judgment order.

The amended final judgment initially also contained the following language:

> The Court, after examining the pleadings, the summary judgment evidence and the briefs on file, and hearing the arguments *and objections of counsel, finds that, in addition to the grounds set forth in the Court's October 7, 1993 Judgment, Defendants are entitled to summary judgment on the additional ground that Plaintiffs offered insufficient competent summary judgment evidence to establish the elements of fraudulent concealment.*

(Emphasis added). The trial court struck through the portion we italicized and substituted *"grants def. s.j."* A copy of the April 15, 1994 amended final judgment is attached as an appendix to this opinion.

■ Appellees contend that the effect of the trial court's alteration was to make this a general order granting summary judgment subject to review on both the legal and evidentiary grounds asserted. We disagree. The trial court eliminated the portion of the amended final judgment that constituted a ruling on the evidentiary portion of appellees' motion for summary judgment. Instead of making the order general, by striking through that language, the trial court reasserted that it was limiting its ruling to the legal ground: that as a matter of law, the doctrine of fraudulent concealment is not an exception to the statute of limitations under section 16.003(b). We will, therefore, limit our review of this case to the ground specified by the trial court. *See Delaney,* 835 S.W.2d at 58.

## ANALYSIS

The legislature has imposed a two-year statute of limitations on wrongful death causes of action.

> A person must bring suit not later than two years after the day the cause of action accrues in an action for injury resulting in death. The cause of action accrues on the death of the injured person.

Tex.Civ.Prac. & Rem.Code Ann. § 16.003(b) (Vernon 1986). The parties agree that the Texas Supreme Court has not decided the issue of whether the doctrine of fraudulent concealment applies to toll the statute of limitations in wrongful death actions brought under section 16.003(b). Appellants contend that the doctrine does apply. Appellees contend that it does not apply.

Appellees argue that section 16.003(b) establishes an absolute two-year statute of limitations. They contend that if the legislature had intended to make fraudulent concealment an exception to the two-year statute of limitations under section 16.003(b), it would have included such language in the statute. Appellees point to section 16.009 of the Texas Civil Practice and Remedies Code, which contains a tolling provision for fraudulent concealment, as evidence of the legislature's intent to eliminate such a defense from section 16.003(b).[3] They assert that since the legislature included language regarding fraudulent concealment in a separate section of the same chapter in the civil practice and remedies code, the legislature knew of its existence and did not intend for it to apply to section 16.003(b).

Appellees also argue that although not controlling, the reasoning in *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348 (Tex.1990), is also applicable to the doctrine of fraudulent concealment. In *Moreno*, the Texas Supreme Court held that it would not apply the judicially created discovery rule to alter the legislatively established accrual date for causes of action under 16.003(b). *Id.* at 357. Appellees argue that, likewise, this Court should refuse to apply the judicially created doctrine of fraudulent concealment to section 16.003(b).

Appellants argue that section 10.01 of the Medical Liability and Insurance Improvement Act also establishes an absolute two-year statute of limitations. *See* Tex.Rev.Civ. Stat.Ann. art. 4590i, § 10.01 (Vernon Supp. 1995). However, they point to *Borderlon v. Peck*, 661 S.W.2d 907, 909 (Tex.1983), where-

in the Texas Supreme Court held that section 10.01 did not abolish "fraudulent concealment as an equitable estoppel to the affirmative defense of limitations under the statute."

Appellants also assert that *Moreno* does not control this case. Finally, they contend that public policy prohibits allowing a party to avail itself of the statute of limitations when the party's own actions prevented the plaintiff from timely bringing the cause of action.

## A. *Moreno* and the Discovery Rule

*Moreno* dealt with the issue of whether the discovery rule applied to toll the statute of limitations in wrongful death cases. The Texas Supreme Court, upon certified question from the Fifth Circuit Court of Appeals, held that the discovery rule did not apply in wrongful death cases under section 16.003(b). *Moreno*, 787 S.W.2d at 357.

■ The discovery rule is a judicially constructed test used to determine when a plaintiff's cause of action accrued. *Id.* at 351; *see also Arabian Shield Dev. Co. v. Hunt*, 808 S.W.2d 577, 585 (Tex.App.—Dallas 1991, writ denied). The supreme court reasoned that since section 16.003(b) specified that the cause of action accrued at the time of death, the legislature intended to fix the *only* date of accrual for wrongful death causes of action. *Moreno*, 787 S.W.2d at 352. The supreme court stated that the discovery rule has been applied only to situations in which the statute did not define when a cause of action accrued. *Id.* at 353. The court emphasized that it has refused to engraft the

---

3. Section 16.009 states:
   (a) A claimant must bring suit for damages for a claim listed in Subsection (b) against a person who constructs or repairs an improvement to real property not later than 10 years after the substantial completion of the improvement in an action arising out of a defective or unsafe condition of the real property or a deficiency in the construction or repair of the improvement.
   * * * * * *

(e) This section does not bar an action:

   * * * * * *

   (3) based on wilful misconduct or fraudulent concealment in connection with the performance of the construction or repair.
   Tex.Civ.Prac. & Rem.Code Ann. § 16.009 (Vernon 1986).

discovery rule onto other absolute statutes of limitations that specifically defined the date or event that triggered accrual of the cause of action. *Id.* The supreme court also noted that the overwhelming majority of other jurisdictions have refused to apply the discovery rule when construing statutes that were the same as or similar to section 16.003(b). *Id.* The court concluded that to apply the discovery rule to section 16.003(b) would mean "disregarding the plain meaning of section 16.003(b), distorting the clear function of the discovery rule, frustrating the legitimate purposes of limitation statutes, and ignoring the well-reasoned opinions of most other jurisdictions." *Id.* at 354–55.

## B. Fraudulent Concealment

■ Unlike the discovery rule, the doctrine of fraudulent concealment does not establish when a cause of action *accrues.* Rather, it is an equitable doctrine whereby a "defendant who conceals his wrongful conduct, either by failing to disclose it when under a duty to disclose or by lying about his conduct, is *estopped* to assert the statute of limitations." *Arabian Shield,* 808 S.W.2d at 584 (emphasis added).

We have found only one case in Texas directly addressing the application of fraudulent concealment to section 16.003(b). The Beaumont Court of Appeals held that the doctrine of fraudulent concealment did apply to toll the statute of limitations under section 16.003(b). *Allen v. American Petrofina, Inc.,* 837 S.W.2d 415, 419 (Tex.App.—Beaumont 1992), *rev'd on other grounds,* 887 S.W.2d 829 (Tex.1994). The Texas Supreme Court reversed the Beaumont court on the basis that there was no evidence raising a fact issue about fraudulent concealment. *American Petrofina,* 887 S.W.2d at 830.

Both appellants and appellees cite cases from other jurisdictions that they contend support their respective positions. This Court's review found jurisdictions that have, through some means, applied the doctrine of fraudulent concealment to toll or extend their wrongful death statutes of limitations.[4] We also found jurisdictions in which the appellate courts declined to apply fraudulent concealment to their wrongful death statutes.[5]

## C. Application of Fraudulent Concealment to Section 16.003(b)

We agree with the Beaumont court and those jurisdictions that have applied fraudulent concealment to toll or extend their wrongful death statutes of limitations. We also adopt the reasoning of *Borderlon.*

4. Some states have statutory provisions providing for extended statutes of limitations where fraudulent concealment is involved. *See, e.g., Geisz v. Greater Baltimore Medical Ctr.,* 313 Md. 301, 545 A.2d 658 (1988); *Fowles v. Lingos,* 30 Mass.App.Ct. 435, 569 N.E.2d 416 (1991); *Smile v. Lawson,* 435 S.W.2d 325 (Mo.1968) (en banc); *Howell v. Murphy,* 844 S.W.2d 42 (Mo.Ct.App. 1992, transfer denied); *Krueger v. St. Joseph's Hosp.,* 305 N.W.2d 18 (N.D.1981); *Merrill v. Reville,* 135 Vt. 517, 380 A.2d 96 (1977). Some states have less defined accrual rules in their wrongful death statutes and have determined that if the facts support fraudulent concealment, it may be applied to estop the defendant from asserting the statute of limitations. *See, e.g., Baker v. Beech Aircraft Corp.,* 39 Cal.App.3d 315, 114 Cal.Rptr. 171 (1974); *Molineux v. Reed,* 516 Pa. 398, 532 A.2d 792 (1987). Still other states have defined causes of action for wrongful death as accruing at the death of the injured party and provide that fraudulent concealment may toll or extend the statute of limitations. *See, e.g., Palmer v. Borg–Warner Corp.,* 838 P.2d 1243 (Alaska

1992); *Anson v. American Motors Corp.,* 155 Ariz. 420, 747 P.2d 581 (Ct.App.1987); *First Interstate Bank of Fort Collins, N.A. v. Piper Aircraft Corp.,* 744 P.2d 1197 (Colo.1987); *DeCosse v. Armstrong Cork Co.,* 319 N.W.2d 45 (Minn.1982); *Muller v. Thaut,* 230 Neb. 244, 430 N.W.2d 884 (1988); *Miller v. Romero,* 186 W.Va. 523, 413 S.E.2d 178 (1991).

5. *See, e.g., Perry v. Staver,* 81 N.M. 766, 473 P.2d 380 (Ct.App.1970) (Wrongful death cause of action is a statutorily created right. "Estoppel cannot be asserted to lengthen the existence of such a statutorily created right of recovery."); *Shover v. Cordis Corp.,* 61 Ohio St.3d 213, 574 N.E.2d 457 (1991) (Ohio courts have consistently held that fraudulent concealment will not enlarge the time for bringing an action under the statute of limitations. Fraud may only toll the statute of limitations where fraud is the gist of the action. The court did indicate that the plaintiff could bring an action for fraud which had a longer statute of limitations than found in the wrongful death statute.).

Texas courts have long held that "fraud vitiates whatever it touches."[6] *Estate of Stonecipher v. Estate of Butts*, 591 S.W.2d 806, 809 (Tex.1979); *Morris v. House*, 32 Tex. 492, 495 (1870). Statutes of limitations are designed to provide defendants with a fair opportunity to defend against a lawsuit while witnesses are available and evidence is fresh in their minds by requiring plaintiffs to exercise rights of action within a reasonable time. *Willis v. Maverick*, 760 S.W.2d 642, 644 (Tex.1988). "[They] are not intended to deprive a party of redress, when by the act of the defendant himself he has been deprived of the opportunity of availing himself of it." *Munson v. Hallowell*, 26 Tex. 475, 485 (1863). Where a wrongdoer actively conceals its wrongful conduct, such fraud effectively abrogates the purpose of the statute of limitations period in the wrongful death action and creates an intolerable position. *Miller v. Romero*, 186 W.Va. 523, 413 S.E.2d 178, 182 (1991). To hold otherwise would, in effect, be telling a wrongdoer that as long as it conceals the existence of a cause of action for two years after the injured party's death, it is free and clear of responsibility. Allowing a wrongdoer to claim protection of the statute of limitations by means of its own fraud would make the statute a means of encouraging rather than preventing fraud. *Borderlon*, 661 S.W.2d at 909; *Munson*, 26 Tex. at 485; *cf. Miller*, 413 S.E.2d at 182 (It is against the remedial purpose of the statute and equity to allow a party to mislead the injured party until the statute of limitations runs, and thus avoid liability.).

We hold that section 16.003(b) did not abolish the doctrine of fraudulent concealment as an equitable estoppel to the defense of limitations. In making this holding, we express no opinion concerning whether appellants presented summary judgment evidence raising a fact issue regarding fraudulent concealment. We hold only that the trial court erred in granting summary judgment on the basis that the doctrine of fraudulent concealment did not apply as a matter of law to wrongful death causes of action under section 16.003(b). We sustain appellants' point of error.

We reverse the trial court's judgment and remand this cause for further proceedings.

---

6. This is not a novel concept. As eloquently stated by the bard of Avon, "Time shall unfold what plaited cunning hides; who covers faults, at last shame them derides." WILLIAM SHAKESPEARE, KING LEAR act I, sc. 1.

CAUSE NO. 93-1823-E

2020140

| | | |
|---|---|---|
| CHARLES E. COX, GREG COX, JEFF COX, and THE ESTATE OF MARSHA M. COX, | § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| vs. | § § | |
| THE UPJOHN COMPANY, DR. LOUIS FABRE, FABRE RESEARCH CLINICS, INC., DR. JUDITH K. JONES, MITCHELL B. BALTER, Ph.D., DR. E.H. UHLENHUTH, and DR. ROBERT STRAW, | § § § § § § § § | |
| Defendants. | § § | DALLAS COUNTY, TEXAS |
| CAROLYN ORT, Individually and as Personal Representative of the Estate of Louie Ort; MELODY ORT BALCAO, JEWELL ORT JAMESON, CAROL ORT, RUTH ORT, GRACE ORT and LEWIS ORT, | § § § § § § § § | |
| Plaintiffs in Intervention, | § § | |
| vs. | § § | |
| THE UPJOHN COMPANY, DR. LOUIS FABRE, FABRE RESEARCH CLINICS, INC., DR. WILLIAM C. DEMENT, DR. JUDITH K. JONES, MITCHELL B. BALTER, Ph.D., DR. E.H. UHLENHUTH, and DR. ROBERT STRAW, | § § § § § § § § | 101st JUDICIAL DISTRICT |

## AMENDED FINAL JUDGMENT

BE IT REMEMBERED that on October 1, 1993, the Court heard Defendants' Joint Motion For Summary Judgment Based On Statute Of Limitations filed in this cause by The Upjohn Company, Dr. Louis Fabre and Fabre Research Clinics, Inc. ("Defendants"). By their motion, Defendants sought to dismiss all claims and causes of action asserted against them herein by Charles E. Cox, Greg Cox, Jeff Cox and the Estate of Marsha M. Cox ("Plaintiffs") on the ground that all Plaintiffs' claims are barred by the statute of limitations prescribed by Section 16.003(b) of the Texas Civil Practice and Remedies Code. Plaintiffs and Defendants each appeared by and through their respective counsel. The Court, after examining the pleadings, the summary judgment evidence and the briefs on file, and hearing the arguments and objections of counsel, found that Defendants were entitled to summary judgment because Section 16.003(b) establishes an absolute two-year limitations period for actions for injury resulting in death that begins to run on the date of death and because, as a matter of law, the discovery rule and the doctrine of fraudulent concealment are not applicable as exceptions to the limitations period prescribed by Section 16.003(b). The Court made no findings of fact at that time as to whether The Upjohn Company, Dr. Louis Fabre or Fabre Research Clinics, Inc. engaged in any fraudulent concealment of any cause of action from Plaintiffs. The Court thereafter entered a Judgment granting summary judgment in favor of Defendants on October 7, 1993.

Thereafter, on April 13, 1994, the Court heard Plaintiffs' Motion For A New Trial and Plaintiffs' Renewed Motion For A New Trial whereby Plaintiffs asked the Court to reverse the summary judgment in favor of the Defendants. Plaintiffs and Defendants each appeared by and through their respective counsel. The Court, after examining the

pleadings, the summary judgment evidence and the briefs on file, and hearing the arguments

~~and objections of counsel, finds that, in addition to the grounds set forth in the Court's October 7, 1993 Judgment, Defendants are entitled to summary judgment on the additional ground that Plaintiffs offered insufficient competent summary judgment evidence to establish the elements of fraudulent concealment~~

It is, therefore, ORDERED that Plaintiffs Charles E. Cox, Greg Cox, Jeff Cox and the Estate of Marsha M. Cox shall take nothing of and from Defendants The Upjohn Company, Dr. Louis Fabre and Fabre Research Clinics, Inc., and Defendants shall recover all costs incurred in this action from Plaintiffs.

All relief requested and not expressly granted herein is DENIED.

SIGNED this _15_ day of April, 1994.

_____
JUDGE PRESIDING

ENDORSEMENT ON INSTRUMENT                                    NO. 93-1823-E
Charles E. Cox, et al
vs.
The Upjohn Co., et al
AMENDED FINAL JUDGMENT
Signed and Entered: April 15, 1994
Recorded in Vol. E 202, page 140
IN THE MINUTES OF THE 101ST JUDICIAL
DISTRICT COURT OF DALLAS COUNTY, TEXAS