In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-05-00966-CV

____________


LAWRIE GRACE, Appellant


v.


TITANIUM ELECTRODE PRODUCTS, INC., Appellee






On Appeal from the 400th District Court 

Fort Bend County, Texas

Trial Court Cause No. 04-CV-136794





O P I N I O N


 Appellant, Lawrie Grace, challenges a summary judgment rendered in a suit for
declaratory relief in which appellee, Titanium Electrode Products, Inc. (Telpro, Inc.),
sought to disqualify Grace as a shareholder on the grounds that he failed to satisfy
conditions precedent to acquiring stock. Grace answered, but did not reply timely to
Telpro, Inc.'s motion for summary judgment. The summary judgment recites that
Grace failed, as a matter of law, "to satisfy conditions necessary to be a shareholder." 
In two issues on appeal, Grace challenges the legal sufficiency of Telpro's motion and
the finality of the summary judgment. We conclude that the judgment is final and that
material fact issues require that we reverse the summary judgment and remand for
trial.

Undisputed, Background Facts

 Grace met with three other individuals, Cathleen Johannessen, Stephen Van
Loggerenberg, and Marcello Biagioli, in 1998 to discuss formation of a business entity
to market and deliver mixed metal oxide anodes to the cathodic protection market in
various parts of the world. Initial plans were that Johannessen would begin operations
in the United States, Biagioli in the United Kingdom, Grace in Singapore, and that
Van Loggerenberg would supply the three companies with product, credit, and
technical support through his company, NMT Electrodes PTY, Ltd., located in South
Africa. 

 To that end, the four individuals formed an enterprise that Telpro, Inc. refers
to as "Telpro Global" in 1998. (1) The global enterprise consisted of Telpro, Inc. located
in Fort Bend County, Texas, for the United States market; Telpro, Ltd., for the United
Kingdom market; Telpro, for the Singapore market; and NMT Electrodes PTY, Ltd.
in South Africa. According to Telpro, Inc. under the terms of the agreement among
the individuals, each was responsible for his or her respective market, which included
establishing corporate structures and offices; developing clientele; developing and
furthering business contacts and relationships; providing marketing and forecasting
data to the other parties; and realizing and achieving profit objectives. In addition,
each of the four individuals would serve as directors and equal shareholders of all four
companies and would receive 25 percent of the shares of the other companies. 

 Despite the initial designation of Singapore as Grace's market base, he reached
an understanding with the three other individuals that he would operate in France, on
condition that he not compete with Biagioli's Telpro, Ltd., operations in the United
Kingdom. Grace then formed Telpro Sarl in France in June 2001. Telpro, Inc., the
plaintiff in this action, issued to Grace 25 percent of the stock of Telpro, Inc. on
December 7, 2001. (2) 

 Telpro, Inc.'s pleadings state that in July 2003, however, Grace filed an action
in the United Kingdom against Biagioli, Van Loggerenberg, Johannessen, and the
Telpro, Inc. entity, that in April 2004, Grace demanded to review Telpro, Inc.'s
corporate books and records, and that the latter demand "prompted this litigation." 


Procedural Background


 Telpro, Inc. filed this declaratory judgment action in June 2004. Telpro, Inc.
claimed that Grace had no rights as a shareholder to inspect the records and sought a
declaration that Grace had no status as a shareholder in Telpro, Inc. "because he failed
to satisfy conditions precedent to acquire a shareholder interest in Telpro, Inc. and
other Telpro entities and had agreed to return his shares if Telpro Sarl ceased to
trade." Consequently, alleged Telpro, Inc. "Grace enjoys none of the rights, title[,]
and privilege of a shareholder," including the right to inspect Telpro, Inc.'s books
pursuant to article 2.44 of the Business Corporation Act. See Tex. Bus. Corp. Act
Ann. § 2.44 (Vernon 2003). Telpro, Inc. sought alternatively to determine whether
Grace's demand to review Telpro Inc.'s records was in bad faith or for an improper
purpose, and whether the scope of his demand was excessive. Telpro, Inc. also sought
attorney's fees and costs. Grace answered the lawsuit pro se, by general denial.

 In moving for traditional summary judgment on July 7, 2005, see Tex. R. Civ.
P. 166a(c), Telpro, Inc. argued that Grace was not a shareholder of Telpro, Inc.
because he did not perform the "services promised in consideration of the issuance of
stock in Telpro, Inc." and therefore "failed to satisfy conditions precedent to acquiring
shareholder status." In telecopier and e-mail correspondence directed to the trial court
on July 25, 2005, Grace acknowledged that the case was "due to be heard" on August
1, 2005. Grace explained that he was in France, did not have a machine-readable
passport to enter the United States, and asked that the summary judgment hearing be
deferred for at least one month. (3) Grace also executed an affidavit on July 28, 2005,
and submitted it to the trial court, but it was not filed until the day after the associate
trial-court judge (4) recommended that summary judgment be rendered in favor of
Telpro, Inc.

 The trial court's final summary judgment recites that, "no material fact issue
exists regarding the facts that [Grace] failed to satisfy conditions necessary to be a
shareholder" of Telpro, Inc. and declared "null, void, and unenforceable" any prior
transfer of Telpro, Inc. stock to Grace. 

Finality of Judgment


 In his second issue, Grace contends that the trial court erred in awarding
appellate attorney's fees without having first awarded trial-court attorney's fees and
that the judgment is not final because the trial court did not resolve Telpro, Inc.'s
claim for attorney's fees. We address the latter portion of Grace's second issue at the
outset, because it pertains to our jurisdiction to address this appeal. 

 Except for "a few mostly statutory exceptions," this Court's jurisdiction is
limited to appeals from final judgments. Lehmann v. Har-Con Corp., 39 S.W.3d 191,
195 (Tex. 2001). We determine whether a decree is a final, appealable judgment
based on the language in the decree and the record of the case. Id. A judgment is
final and appealable if it disposes of all parties and claims in the case. Id. A judgment
is not final if it fails to dispose of a party's claim for attorney's fees. McNally v.
Guevara, 52 S.W.3d 195, 196 (Tex. 2001). In reliance on McNally, Grace contends
that the judgment in this case is not final because the trial court did not "dispose of"
Telpro, Inc.'s claim for attorney's fees for work done in the trial court, despite
granting conditional attorney's fees for appeal. 

 The record reflects that the trial court struck through and initialed a provision
of the judgment, as proposed by Telpro, Inc. that would have awarded Telpro, Inc.
$20,900.00 as reasonable and necessary attorney's fees. Grace contends that, in
striking through this granting paragraph, the trial court left the claim for trial-court
attorney's fees unresolved. From that premise, Grace contends that the judgment is
not final. We disagree. 

 Rule 305 authorizes parties to submit a proposed judgment to the court for
signature. Tex. R. Civ. P. 305. Pursuant to its inherent judicial power, however, a
trial court ensures that a proposed judgment correctly reflects the trial court's action
and the relief granted. See Knox v. Long, 257 S.W.2d 289, 292 (Tex. 1953), rev'd on
other grounds, Jackson v. Hernandez, 285 S.W.2d 184, 191 (Tex. 1956) Coleman v.
Zapp, 151 S.W. 1040, 1041 (1912) (both decided in context of correction of judgment
nunc pro tunc); see also Tex. R. Civ. P. 301 ("The judgment of the court shall
conform to the pleadings, the nature of the case proved and the verdict, if any, and
shall be so framed as to give the party all the relief to which he may be entitled either
in law or in equity.") 

 By striking through the grant of $20,900.00 for trial-court attorney's fees, as
proposed by Telpro, Inc. and by initialing that change, the trial court necessarily
denied that relief to Telpro, Inc. See Cox v. Upjohn Co., 913 S.W.2d 225, 228 (Tex.
App.--Dallas 1995, no writ) (according dispositive effect to trial court's striking
through language of proposed judgment by holding that trial court's action expressly
limited ruling). By striking through the paragraph of Telpro, Inc.'s proposed
judgment, the trial court denied, and therefore disposed of, Telpro, Inc.'s claim for
trial-court attorney's fees. We therefore conclude that the judgment is final and
appealable.

 We overrule Grace's second issue.

Legal Sufficiency Challenge to Summary Judgment for Telpro, Inc.


 Grace's first issue presents the broad contention that the trial court erred by
rendering summary judgment, and three supporting issues that challenge the legal and
factual bases proposed by Telpro, Inc. for rendition of final judgment. (5)

A. Standard of Review

 We review a traditional summary judgment de novo. Joe v. Two Thirty Nine
Joint Venture, 145 S.W.3d 150, 156 (Tex. 2004). As movant for traditional summary
judgment on its own claims, Telpro, Inc. had to prove that there was no genuine issue
of material fact and that Telpro, Inc. was entitled to judgment as a matter of law. See
Tex. R. Civ. P. 166a(c); MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986);
Rizkallah v. Conner, 952 S.W.2d 580, 582 (Tex. App.--Houston [1st Dist.] 1997, no
pet.). In reviewing the summary judgment, we must indulge every reasonable
inference in favor of the non-movant and resolve any doubts in his favor. Rizkallah,
952 S.W.2d at 582 (citing Science Spectrum , Inc. v. Martinez, 941 S.W.2d 910, 911
(Tex. 1997)). We consider all grounds on which the trial court ruled that are
preserved for review and that are necessary for disposition of the appeal; we may
consider other preserved grounds in the interest of judicial economy. Cincinnati Life
Ins. Co. v. Cates, 927 S.W.2d 623, 626 (Tex. 1996).


B. Consequences of Lack of Response by Grace

 Because the party moving for traditional summary judgment carries the burden
to establish that no material fact issue exists and that it is entitled to judgment as a
matter of law, "the nonmovant has no burden to respond to a summary judgment
motion unless the movant conclusively establishes its cause of action or defense." 
M.D. Anderson Hosp. & Tumor Inst. v. Willrich, 28 S.W.3d 22, 23 (Tex. 2000); see
also Rhône-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999) ("The trial court
may not grant summary judgment by default" for failure to file a response to a motion
for summary judgment "when the movant's summary judgment proof is legally
insufficient."); Rizkallah, 952 S.W.2d at 582-83 (holding that lack of response by
nonmovant "does not supply by default the summary judgment proof necessary to
establish the movant's right to summary judgment" and that nonmovant "is limited
on appeal to arguing the legal sufficiency of the grounds presented by movant")
(citing McConnell v. Southside Sch. Dist., 858 S.W.2d 337, 343 (Tex. 1993)). 
Because a motion for summary judgment must stand on its own merits, the nonmovant
may argue on appeal that the movant's summary judgment proof is insufficient as a
matter of law, even if the nonmovant filed no response to the motion. See Willrich,
28 S.W.3d at 23; Rizkallah, 952 S.W.2d at 582-83.


C. Failure of Consideration as Condition Precedent to Issuance of Stock

Telpro, Inc.'s pleadings allege that Grace lacked shareholder status in Telpro,
Inc. because he did not satisfy the conditions precedent to acquiring a shareholder
interest, in both Telpro, Inc. and "other Telpro entities" and, in addition, "had agreed
to return his shares if Telpro Sarl ceased to trade." (6) In moving for summary judgment,
however, Telpro, Inc. argued only (1) that Grace was not a shareholder of Telpro, Inc.
because he did not perform the "services promised in consideration of the issuance of
stock in Telpro, Inc." and, therefore, (2) that Grace "failed to satisfy conditions
precedent to acquiring shareholder status." In rendering summary judgment in favor
of Telpro, Inc., the trial court specified that "no material fact issue exists regarding the
facts that [Grace] failed to satisfy conditions necessary to be a shareholder" of Telpro,
Inc. In addition, the trial court declared "null, void, and unenforceable" any prior
transfer of Telpro, Inc. stock to Grace. 

Given these grounds, as stated in the summary judgment, along with the
allegations in Telpro, Inc.'s pleadings, which focus on Grace's alleged failure to
perform conditions precedent, as well as the grounds stated in Telpro, Inc.'s motion
for summary judgment, which provide the factual substantiation that the condition
precedent to Grace's acquiring shareholder status was his performing the services
promised as consideration, the summary judgment record establishes that the trial
court necessarily concluded, in rendering summary judgment, that Telpro, Inc.
established, as a matter of law, that Grace's consideration for the shares of Telpro, Inc.
failed. (7) 

The trial court's express conclusion notwithstanding, it is nonetheless
undisputed that Telpro, Inc. actually issued the stock to Grace on December 7, 2001. 
Pursuant to the version of article 2.16A of the Business Corporation Act that controls
this case, "Shares may not be issued until the full amount of the consideration, fixed
or provided by law, has been paid or delivered as required in connection with the
authorization of the shares." Tex. Bus. Corp. Ann. art. 2.16A (Vernon 2003)
(emphasis added). (8) Moreover, when the consideration has thus been paid or delivered,
the shares "shall be deemed to have been issued and the subscriber or shareholder
entitled to receive such issue shall be a shareholder with respect to such shares, and
the shares shall be considered fully paid and non-assessable." Id. (emphasis added). (9) 
In moving for summary judgment, Telpro, Inc. acknowledged that article 2.16 had
been amended, but essentially invoked its former version, by implicitly requiring that
Grace complete performance of the services he promised as consideration. (10) 

Yet, Telpro, Inc. acknowledged in its petition, motion for summary judgment,
and affidavit of its principal, Johannessen, that it actually issued its shares to Grace. 
By operation of article 2.16A--and contrary to the conclusions of the trial court in
rendering summary judgment on the grounds asserted by Telpro, Inc.--the record of
this case presents material issues of fact concerning (1) Grace's having paid or
delivered consideration for the stock, (2) Grace's status as a shareholder, and (3)
whether Grace's shares are fully paid and therefore non-assessable. See id. The
application of the amended statute also calls into question the declaration that any
issuance of stock to Grace was "null, void, and unenforceable." Under article 2.16A,
shares may not be issued until the full amount of consideration has been paid. Id. 
Telpro, Inc.'s acknowledgment that it issued its shares to Grace, is evidence that it
received consideration for the stock.

On reviewing the legal basis asserted in its motion for summary judgment, we
conclude that Telpro, Inc. failed to establish its right to summary judgment as a matter
of law on the grounds asserted in its motion, specifically, that Grace was not a
shareholder of Telpro, Inc. because he did not perform the services promised in
consideration for issuance of the stock of Telpro, Inc. and, therefore, that Grace failed
to satisfy conditions precedent to acquiring shareholder status.

We sustain Grace's first issue. 

Because Telpro, Inc. did not meet its burden as movant for summary judgment,
we need not address the remaining portion of its second issue, which challenged the
trial court's granting Telpro, Inc. conditional attorney's fees for appeal without
allowing attorney's fees for work in the trial court. 

Conclusion

We reverse the judgment of the trial court and remand the cause. 




 Sherry Radack


 Chief Justice


Panel consists of Chief Justice Radack and Justices Jennings and Bland.

1. The record contains no evidence concerning whether the global enterprise was a
corporation, partnership, or other type of joint venture. 
2. The record does not reflect whether Telpro, Ltd. in the United Kingdom and NMT
Electrodes PTY, Ltd. in South Africa issued stock to Grace or whether Grace's Telpro
Sarl in France issued stock to the others. 
3. Grace does not assert an appellate challenge to denial of his request for continuance.
4. See Tex. Gov't Code § 54.1011(a)(11) (Vernon 2005) (delineating cases that may
be referred to associate judge in Fort Bend County, but limiting associate judge's
authority to recommending judgments).
5. In support of its first issue, Grace also contends that the other three individuals who
formed the global company were necessary plaintiffs, in addition to Telpro, Inc. 
Grace's contention presents a challenge to Telpro, Inc.'s capacity to sue and,
therefore, a defect of the parties, which Grace was required to assert in a sworn
pleading. See Tex. R. Civ. P. 93(4); Allison v. Nat'l Union Fire Ins. Co., 703 S.W.2d
637, 638 (Tex. 1986). Having filed only a general denial, Grace waived the defect. 
See Werner v. Colwell, 909 S.W.2d 866, 870 (Tex. 1995); see also Nine Greenway
Ltd. v. Heard, Goggan, Blair & Williams, 875 S.W.2d 784, 787 (Tex. App.--Houston
[1st Dist.] 1994, writ denied) (holding that verified plea not required to raise issue of
standing, but is necessary to raise issue of capacity).
6. Telpro, Inc.'s pleadings do not specify whether Grace had agreed to return Telpro,
Inc. stock or stock of the global company.
7. Failure of consideration is a matter that must be asserted in a verified pleading, see
Tex. R. Civ. P. 93(9), but Grace waived this defect by not directing it to the attention
of the trial court before the summary judgment was signed. Tex. R. Civ. P. 90. 
8. See Tex. Bus. Corp. Act Ann. art 2.16 (Vernon 2003), Comment of Bar
Committee-1996 (noting that amended article 2.16A conforms to repeal of Tex.
Const. art. XII, § 6, which previously prohibited issuance of corporate shares except
for money paid, labor done or property actually received and now permits
corporations to issue shares "for any form of consideration deemed appropriate by the
board of directors of the corporation, which consideration may include a promissory
note or agreement to provided future services."). 
9. These same rules apply under the version of Business Organization Code that became
effective on January 1, 2006. See Tex. Bus. Org. Code Ann. § 21.157 (Vernon
2006). 
10. We note that this case does not involve breach of any alleged shareholder agreement,
and no shareholder other than Grace was joined as a party.