**Modify in part and affirm as modified; Opinion Filed December 10, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-00106-CV

**GORDON CARROLL FISHER, Appellant**
**V.**
**DANIEL K. HAGOOD, P.C. AND FITZPATRICK HAGOOD SMITH AND UHL, INC.,**
**Appellees**

On Appeal from the County Court at Law No. 1
Dallas County, Texas
Trial Court Cause No. CC-13-05268-A

## MEMORANDUM OPINION

Before Justices Myers, Schenck, and Carlyle
Opinion by Justice Myers

Gordon Carroll Fisher appeals the trial court's judgment denying Fisher's application to vacate an arbitration award. Fisher brings three issues on appeal contending (1) the trial court had jurisdiction to vacate its order confirming the arbitration award and to determine that Fisher was entitled to a settlement credit; (2) the trial court erred by refusing to hear evidence concerning Fisher's application to vacate the arbitration award, and the court erred by denying Fisher's application to vacate the arbitration award; and (3) Fisher was entitled to a settlement credit based on amounts paid in settlement by another defendant, Gene Phillips. The parties agree that Fisher is entitled to credit for the amount of Phillips's settlement. We modify the trial court's judgment to reduce the amount of damages and interest for which Fisher is liable, and we affirm the trial court's judgment as modified.

## BACKGROUND

In 2006, Fisher hired the Dallas law firm of Fitzpatrick Hagood Smith & Uhl Inc. ("the firm") to represent him in a criminal case in Oklahoma. Fisher's contract with the firm contained an arbitration provision stating the parties agreed to arbitrate "a disagreement, dispute, or controversy between the Client and the Firm concerning . . . the performance of this Agreement." Gene Phillips also agreed to pay the firm for its representing Fisher, but Phillips did not agree to arbitration.

In 2013, when Fisher and Phillips failed to pay the firm's fees for representing Fisher, appellees, Daniel K. Hagood, PC and the firm, sued Fisher and Phillips. Fisher moved for the trial court to compel arbitration and abate the trial court proceedings during the arbitration. The trial court granted the motion. The arbitration took place pursuant to the Federal Arbitration Act (FAA). On May 6, 2016, the arbitration panel found in favor of appellees against Fisher and determined that Fisher should pay appellees $772,683.82, plus interest of $64.06 per day. Appellees filed an application to confirm the award on August 10, 2016. On February 24, 2017, the trial court signed an interlocutory order confirming the arbitration award with judgment interest to that date of $18,577.40 and ordered that interest would continue to accrue at a rate of $64.06 per day.

Over a year later, on April 12, 2018, Fisher filed an application to vacate the arbitration award and to reopen the arbitration. Fisher alleged that appellees withheld documents Fisher had requested and failed to produce Fisher's entire file to him. Fisher asserted that appellees' active concealment of documents allowed appellees to make material misrepresentations and commit perjury in the arbitration proceeding. Fisher stated in the application that he first learned of the withholding of documents on January 16, 2018.

Meanwhile, Phillips settled with appellees, paying appellees $225,000. The trial court dismissed Phillips from the lawsuit on October 11, 2018; that order constituted the final judgment in the trial court. On October 18, 2018, Fisher amended his application to vacate the arbitration award to include a request for a credit to the judgment in the amount of Phillips's $225,000 payment.

On January 18, 2019, ninety-nine days after the trial court signed the final judgment, the trial court held a hearing on Fisher's amended application to vacate the arbitration award and request for a settlement credit. During the hearing, the trial court stated that the application was denied. The trial court did not enter a written ruling on the application.

## JURISDICTION

In his first issue, Fisher contends the trial court had jurisdiction to vacate the arbitration award against Fisher and to modify the judgment to reflect Phillips's settlement. The amended application asked the trial court to vacate the arbitration award and reopen the arbitration proceeding and to apply a settlement credit to the judgment for Phillips's $225,000 settlement payment to appellees. Appellees moved the trial court to dismiss Fisher's amended application for want of jurisdiction, arguing that the trial court's plenary power had expired.

The trial court had plenary power to modify the judgment for thirty days after it signed the final judgment if no motion under Rule of Civil Procedure 329b was filed or for thirty days after any timely motion under Rule 329b was overruled by a signed order or by operation of law. *See* TEX. R. CIV. P. 329b(d), (e). A motion to modify, correct, or reform the judgment is a motion that extends the trial court's plenary power to thirty days after the overruling of the motion. *Id.* 329b. The motion must be filed "prior to or within thirty days after the judgment or other order complained of is signed." *Id.* 329b(a). If the trial court does not rule on the motion with a written

–3–

order within seventy-five days after signing the final judgment, then the motion is overruled by operation of law. *Id.* 329b(c).

The final judgment in this case was the trial court's order dismissing appellees' claims against Phillips, signed October 11, 2018. Fisher filed his "Amended Application to Vacate Arbitration Award and to Reopen the Arbitration or Alternatively for Application of Settlement Credit" on October 18, 2018, seven days after the final judgment. At a minimum, the portion of the motion seeking a settlement credit was a motion to modify the judgment. *See Chesser v. LifeCare Mgmt. Servs., L.L.C.*, 356 S.W.3d 613, 645 (Tex. App.—Fort Worth 2011 pet. denied) (modifying trial court judgment to apply settlement credit); *Brown & Root Inc. v. Shelton*, 446 S.W.3d 386, 400 (Tex. App.—Tyler 2003 no pet.) (same). This motion was timely filed. The motion was overruled by operation of law on December 27, 2018, and the court's plenary power to modify the judgment continued for another thirty days, through January 28, 2019.[1] The hearing on the motion was held on January 18, 2019, ninety-nine days after the final judgment. As of that date, the amended application motion had been overruled by operation of law, but the trial court still had plenary power to modify, correct, or reform the judgment. *See* TEX. R. CIV. P. 329b(e).

Section 12 of the FAA requires that an application to vacate an arbitration award must be served on the opposing party within three months of the delivery or filing of the application award. 9 U.S.C. § 12. Section 12 has been treated as a limitations provision, not a jurisdictional prerequisite. *See Holcim (Tex.) Ltd. P'Ship v. Humboldt Wedag, Inc.*, 211 S.W.3d 801–02 (Tex. App.—Waco 2006, no pet.). Therefore, whether Fisher timely asserted under section 12 his original application to vacate the arbitration and reopen the arbitration proceedings did not affect

---

[1] The seventy-fifth day after October 11, 2018 was December 25, 2018. December 25 and 26 are legal holidays. *See* TEX. GOV'T CODE ANN. §§ 662.003(a)(9), (b)(8), 662.021. Rule of Civil Procedure 4 provides that if the last day of a period of time falls on a Saturday, Sunday, or legal holiday, "the period runs until the end of the next day which is not a Saturday, Sunday, or legal holiday." TEX. R. CIV. P. 4. Therefore, the period of time before the motion was denied by operation of law was extended until the end of December 27, 2018. Thirty days after December 27, 2018 was January 26, 2019, which was a Saturday, so the court's plenary power extended through the following Monday, January 28, 2019.

the trial court's jurisdiction to consider the original application or the amended application with the request to modify the judgment to credit Phillips's settlement.

**LIMITATIONS PERIOD TO SEEK VACATION OF THE ARBITRATION AWARD**

In his second issue, Fisher contends the trial court erred by denying his application to vacate the arbitration award and reopen the arbitration proceeding. When an arbitration is conducted pursuant to the FAA, "the FAA applies to the substantive rules of decision, but Texas law, and specifically the Texas General Arbitration Act (TAA), governs the procedural matters." *Craig v. Sw. Secs., Inc.*, 05-16-01378-CV, 2017 WL 6503213, at *2 (Tex. App.—Dallas Dec. 18, 2017, no pet.) (mem. op.) (footnote omitted).

Appellees asserted Fisher did not comply with the requirement under section 12 of the FAA that "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. The arbitration panel delivered its award on May 6, 2016, and appellees filed the award in the trial court on August 16, 2016. Fisher filed his original application to vacate the arbitration award and reopen the arbitration proceeding on April 12, 2018, almost fifteen months after appellees filed the award and well outside the three-month time limit under section 12. Section 12's three-month period for bringing and serving an application to vacate an arbitration award is considered to be a limitations period. *In re Chevron U.S.A., Inc.*, 419 S.W.3d 318, 326 (Tex. App.—El Paso 2010, orig. proceeding [mand. denied]); *Holcim (Tex.) Ltd. P'ship*, 211 S.W.3d at 802.

Fisher asserts that the deadline for bringing an application to vacate an arbitration award is a procedural matter and that the TAA's provisions should apply. The TAA states that an application to vacate on the ground that the award was obtained by corruption, fraud, or other undue means must be filed "not later than the 90th day after the date the grounds for the application are known or should have been known." TEX. CIV. PRAC. & REM. CODE ANN. § 17.088(a)(1), (b).

Fisher asserts that he filed the application to vacate the arbitration award eighty-four days after learning of the fraud, and he argues his application to vacate the arbitration award was timely.

Generally, statutes of limitations are procedural, not substantive. *Baker Hughes, Inc. v. Keco R. & D., Inc.*, 12 S.W.3d 1, 4 (Tex. 1999). In *Craig v. Southwest Securities, Inc.*, Craig filed an application to vacate an arbitration award. We determined that the method for serving the application award, whether by service of process as the TAA requires or in the manner for service of a motion as the FAA requires, was a procedural matter governed by the TAA. *Craig*, 2017 WL 6503213, at \*2–3; *see* 9 U.S.C. § 12; CIV. PRAC. § 171.094. However, we also stated that the three-month limitations period of the FAA was a substantive matter. *Craig*, 2017 WL 6503213, at \*2. We applied the TAA's method of service, service of process, and the FAA's three-month length of time. *See id.* at \*3 ("Because she did not serve notice of her motion to vacate within Section 12's three-month limitations period, the service was untimely and the trial court was required to dismiss her motion as untimely.").

In this case, Fisher did not serve his application within three months of the delivery or filing of the arbitration award. Under section 12 of the FAA, there is no discovery-rule exception. *Id.*

Fisher argues that even if the limitations period is not procedural, we should determine that equitable tolling applies. We disagree. In *Craig*, we concluded that equitable tolling does not apply under section 12 of the FAA. *Id.* ("Texas courts have determined that, 'once the three-month statutory period contained in section 12 has expired, a party may not attempt to vacate an arbitration award for any reason.'" (quoting *Turner v. Tex//Tow Marine Towing & Salvage, LLC*, 502 S.W.3d 368, 372 (Tex. App.—Houston [14th Dist.] 2016, no pet.))).

Fisher also argues that appellees are equitably estopped from asserting section 12's limitations provision. Fisher did not assert estoppel in the trial court. Therefore, it is not preserved

for appellate review.  TEX. R. APP. P. 33.1; *cf. Stover v. Gormley*, 883 S.W.2d 278, 282–83 (Tex. App.—Amarillo 1994) (appellant who was nonmovant in summary judgment proceeding could not argue for the first time on appeal that fraudulent concealment equitably estopped the summary judgment movant from asserting limitations), *rev'd on other grounds*, 907 S.W.2d 448 (Tex. 1995) (per curiam).  Fisher cites *Cox v. Upjohn Co.*, 913 S.W.2d 225 (Tex. App.—Dallas 1995, no pet.), but in that case, the appellants raised equitable estoppel in the trial court in their response to the appellees' motion for summary judgment.  *Id.* at 227.  Fisher cites no authority allowing him to assert for the first time on appeal that appellees are equitably estopped from asserting limitations.

We conclude the trial court did not err by denying Fisher's application to vacate the arbitration award and reopen the arbitration proceedings because Fisher did not serve the application within ninety days of the delivery or filing of the arbitration award.  Accordingly, we need not determine whether the trial court erred by excluding Fisher's evidence in support of the application.  We overrule Fisher's second issue.

## INCORPORATION OF PHILLIPS'S SETTLEMENT INTO THE JUDGMENT

In his third issue, Fisher contends the trial court erred by not modifying the judgment to reduce the amount Fisher owes appellees because of Phillips's $225,000 settlement payment to appellees.  As discussed above, the trial court had plenary power to consider the motion at the January 18, 2019 hearing.

Appellees stated in a letter filed in this Court that they agree Fisher should receive a settlement credit for the amount of Fisher's settlement.  In the letter, appellees stated the amount of the judgment against Fisher after the settlement credit should be $602,583.24 as of September 10, 2018, plus interest of $49.52 per day until paid.  After submission, Fisher informed the Court that he does not oppose appellees' calculation of the settlement credit.  Accordingly, we modify

the trial court's judgment to provide that Fisher owes appellees $602,583.24 as of September 10, 2018, plus interest of $49.52 per day until paid.

## CONCLUSION

We modify the trial court's judgment to provide that Fisher shall pay appellees the sum of $602,583.24 plus interest of $49.52 per day from September 10, 2018 until paid. We affirm the trial court's judgment as modified.

/Lana Myers/
LANA MYERS
JUSTICE

190106F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GORDON CARROLL FISHER, Appellant

No. 05-19-00106-CV          V.

DANIEL K. HAGOOD, P. C. AND
FITZPATRICK HAGOOD SMITH AND
UHL, INC., Appellee

On Appeal from the County Court at Law
No. 1, Dallas County, Texas
Trial Court Cause No. CC-13-05268-A.
Opinion delivered by Justice Myers.
Justices Schenck and Carlyle participating.

In accordance with this Court's opinion of this date, we **MODIFY** the judgment of the trial court to provide that Gordon Carroll Fisher shall pay to Daniel K. Hagood, P.C. and Fitzpatrick Hagood Smith and Uhl, Inc. the sum of $602,583.24 plus interest of $49.52 per day from September 10, 2018 until paid. As modified, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees Daniel K. Hagood, P.C. and Fitzpatrick Hagood Smith and Uhl, Inc. recover their costs of this appeal from appellant Gordon Carroll Fisher.

Judgment entered this 10th day of December, 2019.